STATE *ex rel.* RUFUS M. PHILLIPS

*v.*

HONORABLE GEORGE W. WOOD, *Judge* OF THE
INTERMEDIATE COURT OF KANAWHA COUNTY

(No. 12769)

Submitted October 29, 1968.     Decided December 20, 1968.

*Lively & Francis, J. Henry Francis, Jr.,* for relator.

*C. Donald Robertson,* Attorney General, *Leo Catsonis,*
Assistant Attorney General, for respondent.

CAPLAN, JUDGE:

In this original proceeding in prohibition the relator,
Rufus M. Phillips, seeks to prohibit the Honorable George
W. Wood, Judge of the Intermediate Court of Kanawha
County, from resentencing him upon a plea of guilty to
an indictment charging a felony.

Rufus M. Phillips was indicted by a grand jury at the
September Term, 1961, of the Intermediate Court of Ka-
nawha County. On October 6, 1961, Phillips appeared in
open court with his counsel and entered a plea of guilty
to the charge contained in the indictment. The court took
time to consider its judgment and set October 27, 1961 as
the time for Phillips to return to court. On that day Phillips
did appear, without counsel, and the court, on its own
motion, suspended the imposition of sentence and released
him on probation for a period of three years.

A probation officer of the Intermediate Court of Ka-
nawha County, on September 25, 1963, caused a capias to
be issued for the arrest of Phillips on grounds of violation
of probation. Pursuant to the capias, Phillips was arrested

in Florida and held on a detainer issued by the Sheriff of Kanawha County, West Virginia. Subsequently, he appeared before a judge in Marion County, Florida, and executed a waiver of extradition.

On March 11, 1964, at a hearing before the Judge of the Intermediate Court of Kanawha County, the relator's probation was revoked and he was sentenced to confinement in the penitentiary for a term of not less than one nor more than ten years. The relator was not afforded counsel at that hearing.

While the relator was serving the aforesaid sentence in the Medium Security Prison, he filed a petition for a writ of habeas corpus. In this petition, filed in the Intermediate Court of Kanawha County in March, 1968, the relator alleged as a ground, among others, in support of his claim that he was unlawfully and illegally detained in custody, that he was not represented by counsel at the March 11, 1964 hearing when his probation was revoked and sentence was imposed. Counsel was appointed to assist him at this habeas corpus hearing.

By order dated September 3, 1968, the court made certain conclusions of law, one of which was that the relator, Rufus M. Phillips, was deprived of his right under the Constitution of the United States and the State of West Virginia to be represented by counsel when his probation was revoked and sentence was imposed. It was also found that such right was unlawfully denied when he was placed on probation on October 27, 1961 without benefit of counsel. Stating that the court has the power under the "post-conviction habeas corpus statute," Code, 1931, 53-4A-7 (c), to resentence the relator, it was ordered that said relator "be reset before the bar of this Court on the 18th day of September, 1968 at 9:30 a.m. for the purpose of resentencing on Felony No. 370 in a constitutionally permissible manner."

By reason of the entry of the order of September 3, 1968, this proceeding in prohibition was instituted, the purpose thereof being to prohibit the Honorable George W. Wood,

Judge of the Intermediate Court of Kanawha County, from "resentencing" the relator.

We are of the opinion that this case is controlled by the decisions in two recent cases decided by this Court, *State ex rel. Render* v. *Wood,* 152 W. Va. 484, 165 S. E. 2d 102 (decided this term) and *State ex rel. Strickland* v. *Melton,* 152 W. Va. 500, 165 S. E. 2d 90 (decided this term). Inasmuch as both of those cases involve factual matters similar to those in the instant case, no useful purpose would be served by repeating here the reasons and authorities stated therein in support of the Court's decision.

Suffice to say that we hold here, as was held in the *Render* and *Strickland* cases, that the order revoking the relator's probation and sentencing him to a term in the penitentiary is null and void. The reason therefor is that the relator did not have counsel at the revocation of probation hearing and there was no showing that he waived such right. The revocation of probation being a nullity, the probation continued for the full three year period. After the expiration of said period of probation the court has no jurisdiction to sentence or to take any further action effecting the relator's freedom.

The writ of probation herein prayed for is awarded.

*Writ awarded.*

---

BERRY, PRESIDENT, dissenting in part and concurring in part:

For the reasons stated in the separate opinion filed by me in the case of *State of West Virginia ex rel. Sterling Doy Strickland* v. *G. Kemp Melton, Sheriff of Kanawha County, West Virginia* in which I dissented in part and concurred in part I dissent to the statement contained in the majority opinion in this case wherein it is stated: "The reason therefor is that the relator did not have counsel at the revocation of probation hearing and there was no showing that he waived such right." I concur in the result in the majority opinion in this case because the petitioner did not have counsel at the time he was sen-

tenced as that is part of the trial of a criminal case. As stated in the separate opinion in the *Strickland* case, the granting of probation and the revocation thereof is all an act of grace granted to one convicted of a crime. In the absence of statutory provisions the probationer is not only not entitled to the assistance of counsel but is not entitled to any hearing on the revocation. *Escoe* v. *Zerbst,* 295 U. S. 490, 55 S. Ct. 818, 79 L. Ed. 1566.

The West Virginia statute, Code, 62-12-10, as amended, only provides that if a person placed on probation violates the provisions of such probation he shall be "* * * brought before the court, or the judge thereof in vacation, for a prompt and summary hearing."

I am of the opinion that under the West Virginia law the assistance of counsel is not required in all hearings dealing with the revocation of probation which has been *granted* to a criminal defendant *after sentence has been imposed* by the court.