168 S.E.2d 810 (1969)
STATE ex rel. Hoyt Edward RIFFLE
v.
Joe Davis THORN, Successor to Frank B. King, Warden, Medium Security Prison, Huttonsville, West Virginia.
No. 12813.
Supreme Court of Appeals of West Virginia.
Submitted May 6, 1969.
Decided June 10, 1969.
Dissenting Opinion June 23, 1969.
Dissenting Opinion July 18, 1969.
*811 Rex Burford, Charleston, for relator.
Leo Catsonis, Asst. Atty. Gen., Charleston, for respondent.
BROWNING, Judge.
Petitioner, Hoyt Edward Riffle, filed his application in this Court on the 12th day of February, 1969, for a writ of habeas corpus alleging that: he was arrested at Parkersburg in Wood County in March, 1963, and charged with the offense of breaking and entering; he was indicted at the April, 1963, term of the Circuit Court of Wood County and thereafter, also in April, 1963, upon the advice of counsel he entered a plea of guilty to that charge; he was sentenced to a term of one to ten years in the state penitentiary which sentence was suspended and on May 18, 1963, petitioner was placed on probation for a period of five years; on February 26, 1965, he was charged with a violation of probation, his probation was revoked and the order further provides that "the defendant is required to serve said sentence heretofore imposed upon him."; and, petitioner was thereupon committed to prison where he remains. This Court granted a writ returnable April 22, 1969, and appointed counsel to represent petitioner before this Court.
Counsel filed a supplement to the petition prepared by the petitioner in which it is further alleged that petitioner, subsequent to his confinement, escaped therefrom on May 28, 1965; was recaptured on May 31, 1965; and on September 24, 1965, was sentenced to fifteen months on his plea of guilty to the charge of escape, such sentence to run consecutively to the one to ten-year sentence. On September 1, 1967, petitioner was released on parole and on July 12, 1968 his parole was revoked and petitioner was remanded to Medium Security Prison. The supplement to the original petition alleges that petitioner "is now a trustee at the W. Va. Department of Public Safety, Company "D" Headquarters, in Beckley, West Virginia." Exhibits filed with the supplement to the petition include the Court's orders of May 18, 1963, February 26, 1965, September 24, 1965 and the order revoking petitioner's parole on July 12, 1968. The order of May 18, 1963, reads in part as follows: "* * * it is therefore, adjudged and ordered by the Court that the said defendant be confined in the Penitentiary of the State of West Virginia, for a period of not less than one (1) year nor more than ten (10) years, said sentence to begin as of the 7th day of April, 1963, * * *" The order continues "* * And the Court having maturely considered *812 said report and the defendant's motion for probation heretofore made at a former day of this term, is of the opinion to and doth sustain said motion. It is, therefore, adjudged and ordered that the said defendant be placed upon probation and good behavior for a period and term of five (5) years from the date of this order, * * *" Thereafter follows the conditions of his probation. The order of February 26, 1965, is as follows: "Hoyt Edward Riffle, who was heretofore convicted in this Court of a felony * * * and was placed upon probation by an order entered on the 18th day of May, 1963, was this day again set to the bar in custody of the Jailor of Wood County. And it appearing to the Court from the report of the Probation Officer of this Court, that the defendant has not been of good behavior and has violated the terms of his probation, it is therefore considered and ordered by the Court that so much of said order of May 18, 1963, placing said defendant on probation be and the same is hereby set aside, and that so much of said order committing defendant to the Penitentiary of this State for a period of not less that (sic) one (1) year nor more than ten (10) years be and the same is, in full force and effect, and it is ordered that the Defendant is required to serve said sentence heretofore imposed upon him. Said sentence to begin as of this date. Whereupon, prisoner is remanded to jail."
Pursuant to the writ the respondent, Frank B. King, Warden, appeared and answered admitting the material allegations of the petition but denying that the petitioner is illegally restrained. Subsequent to the answer the Attorney General moved to substitute Joe Davis Thorn for the respondent King, Thorn having recently succeeded King as Warden, which motion was granted by the Court.
The controlling issue in this case is one of first impression in this Court and has not been passed upon by the Supreme Court of the United States. However, contending to the contrary, counsel for the petitioner asserts that the decision of the Supreme Court of the U.S. in Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336, and the very recent decisions of this Court in State ex rel. Strickland v. Melton, etc., 152 W.Va. 500, 165 S.E.2d 90; State ex rel. Render v. Wood, 152 W.Va. 484, 165 S.E.2d 102 and State ex rel. Phillips v. Wood, 152 W.Va. 568, 165 S.E.2d 105, hereafter referred to as Mempa, Strickland, Render or Phillips, are controlling and that by virtue of the decisions and reasoning in those cases the defendant must be released not only from his one to ten-year sentence for breaking and entering in Wood County but also from the fifteen-month sentence imposed as a result of his conviction for escape in the Circuit Court of Randolph County.
In the Mempa case, the defendant was indicated for a felony in the State of Washington, had counsel at the time of his arraignment and entered a plea of guilty. The trial judge, as he had the authority to do under the laws of the State of Washington, withheld sentencing of the prisoner and instead placed him upon probation. Thereafter the prisoner was accused of violating his probation and a hearing was held. The prisoner was not represented by counsel at the hearing and at the end of the hearing the judge revoked the probation theretofore granted and sentenced the prisoner to the maximum term provided by law for that offense in the State of Washington. Under the law of the State of Washington a trial judge having criminal jurisdiction is required to impose the maximum sentence provided by law for the offense of which the defendant has been convicted whether the conviction is by jury trial or by plea of guilty. The statute further provides that the judge shall recommend the length of time that he believes the prisoner should serve before being paroled all of which is, of course, for the guidance of the Board of Probation and Parole of that State. In the Mempa case the Supreme Court of Washington denied the petitioner's prayer to be released from prison in habeas corpus but upon writ of *813 certiorari the Supreme Court of the U.S. reversed the judgment. In the opinion by Justice Marshall the court held that an attorney must be afforded a defendant at proceedings at which probation is revoked and a sentence of imprisonment is imposed. Judge Marshall further stated and here I quote him: "appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected." and that "a lawyer must be afforded at this proceeding whether it be labeled a revocation of probation or a deferred sentencing." It may be that the last quoted statement is ambiguous as seems evident from the opinion in the Strickland case in this Court. It is not the view of a majority of this Court that Judge Marshall stated or meant to state that a lawyer must be afforded a prisoner in a revocation of probation hearing where the prisoner has theretofore been sentenced with his attorney present. We interpret that language as meaning that when probation is revoked and the defendant is for the first time sentenced to the penitentiary that he must have a lawyer whatever the label that is placed upon the hearing.
In the opinion in Strickland is this statement: "Probation is not a sentence for a crime but instead is an act of grace upon the part of the State to a person who has been convicted of a crime." In Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566, the Supreme Court of the United States said that "Probation or suspension of sentence comes as an act of grace to one convicted of a crime," but that revocation of probation without the hearing provided for by federal statute "is invalid for defect of power, * * *" This Court is in agreement with that statement and the revocation of probation of the petitioner would have been absolutely invalid if the trial court had not given the petitioner the "summary hearing" provided by Code, 62-12-10, as amended. See also Hamrick v. Boles, D.C., 231 F.Supp. 507. Petitioner's Exhibit No. 2 is a certified copy of the order of the Circuit Court of Wood County of February 26, 1965, revoking the petitioner's probation. It clearly states that he was "this day again set to the bar in custody of the Jailor" and it having been determined that he had violated the terms of his probation further stated that so much of the court's order of May 18, 1963 "committing defendant to the Penitentiary of this State for a period of not less than one (1) year nor more than ten (10) years be and the same is, in full force and effect, and it is ordered that the Defendant is required to serve said sentence heretofore imposed upon him." It is clear beyond doubt from the language of that order that this case, to repeat, is clearly distinguishable from Mempa, Srickland, Render and Phillips and any statement contained in the opinion of any of the cases to the contrary is clearly obiter dictum. There can be no rule of law pronounced in any decision of any court that is not predicated upon the facts of the case adjudicated.
We are firmly of the view that the due process clauses of the Constitutions of the United States and of this State guarantee to one indicted for a felony counsel at every stage of his trial, at least from the date of his arraignment until final judgment is entered. The Courts of this State have diligently and carefully preserved the rights of those accused of crime guaranteed by Article 3, Section 14, of the Constitution of this State among which is that they "shall have the assistance of counsel". That procedure has been followed in this State for 106 years. On the contrary it would appear that the Supreme Court of the United States did not until the year 1938 invoke the provisions of the `Sixth Amendment of the Constitution of the United States to find that a conviction for crime in a federal court was void wherein the prisoner had not been provided with or had not intelligently waived his right to an attorney. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.
It is the view of this Court that the probation of the petitioner was validly revoked *814 within the five-year period after it was granted and therefore that he is still under sentence of one to ten years for breaking and entering in Wood County and at the expiration of that sentence must begin serving the fifteen-month sentence for escape imposed by the Circuit Court of Randolph County.
It is true that this Court has held in State ex rel. McGilton v. Adams, 143 W.Va. 325, 102 S.E.2d 145, 70 A.L.R.2d 1425, that a prisoner incarcerated under a void judgment and sentence who escapes from custody is not guilty of a crime, however, in view of our decision that the petitioner's confinement at the time of his escape was lawful, it follows that his conviction and sentence for the escape, which is otherwise not challenged, is likewise lawful.
Let the factual record relating to the petitioner be again stated in succinct form upon the question of whether his constitutional rights have been violated: this man was arrested in March, 1963, in Wood County and in April of that year was indicted for breaking and entering; in that same month the Judge of the Circuit Court of Wood County appointed an attorney to represent him and later upon advice of that attorney he entered a plea of guilty and was sentenced to the statutory term of one to ten years imprisonment; after an investigation by a probation officer of that court the sentence was suspended and on May 18, 1963, he was placed on probation for a period of five years; on February 26, 1965, the petitioner upon written allegation that he had violated the terms of his probation was given the "summary hearing" provided by Code, 62-12-10, as amended, his probation was revoked and as heretofore stated he was required to serve the sentence theretofore imposed; on April 13, 1965, the petitioner was transferred from the State Penitentiary to the Medium Security Prison at Huttonsville, Randolph County; on May 28, 1965, he escaped from that institution; he was recaptured May 31, 1965; thereafter he was indicted by a Grand Jury of Randolph County for escaping from that institution whereupon the trial judge appointed a competent attorney to represent the defendant; on September 24, 1965, defendant pleaded guilty and as heretofore stated was sentenced to fifteen months imprisonment, the sentence to begin at the end of the one to ten-year sentence he had been serving when he escaped; on September 1, 1967, the petitioner was released on parole by the W. Va. Board of Probation and Parole from the Medium Security Prison at Huttonsville; and on the 12th day of July, 1968, in the manner provided by statute the petitioner's parole was revoked for having violated its terms in the following ways:
"(1) Drinking intoxicants to such an excess that his behavior became unacceptable;
"(2) Failing to remain gainfully and steadily employed;
"(3) Failing to submit monthly supervision reports;
"(4) Violated special instructions from his parole officer in that he did fail to abide by a 9:000 p. m. curfew;
"(5) Violated special instructions from his parole officer in that he did frequent places where alcoholic beverages were either sold, used or dispensed;
"(6) Consorting with one Elsie Bonnett, to whom he was not married."
Upon the writ of habeas corpus heretofore awarded the prisoner is remanded to custody.
Prisoner remanded.
CAPLAN, Judge (dissenting):
Being of the opinion that one is entitled to the assistance of counsel at a hearing held to effect the revocation of his probation, regardless of whether sentence was imposed prior to the grant of probation, I am unable to agree with the opinion of the Court. Therefore, I respectfully dissent.
*815 While I agree that the granting of probation is a matter of grace, as noted in the opinion of the Court and in State ex rel. Strickland v. Melton, 152 W.Va. 500, 165 S.E.2d 90, the revocation thereof is a criminal proceeding where substantial rights of the defendant may be affected and must be accomplished in a constitutional manner. How can it be otherwise? When probation is to be revoked the defendant must be brought before the court where he must be afforded a prompt summary hearing. Code, 1931, 62-12-10, as amended. That statute provides that if it appears to the court, after hearing, that the defendant has violated any condition of his probation such probation may be revoked and he may be imprisoned.
The majority readily acknowledges that "the revocation of probation of the petitioner would have been absolutely invalid if the trial court had not given the petitioner the `summary hearing' provided by Code, 62-12-10, as amended." What could be the purpose of affording the defendant a hearing if it were not contemplated that he would be given an opportunity to defend against the charge that he had violated his probation? Such hearing would be a futile exercise in procedure and could serve no useful purpose. Can it be denied that at this hearing a substantial right of the defendant may be affected? If the judge finds that he violated his probation he may go to prison; otherwise he may continue on probation and remain physically free. It is not for us to say in what manner counsel could help this defendant. Suffice to say that "appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected." Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336.
In Hamrick v. Boles, D.C., 231 F.Supp. 507, it was held that in view of the hearing requirement in Code, 1931, 62-12-10, as amended, the denial of such hearing deprived the accused of the equal protection of state law, a right guaranteed to him by the Fourteenth Amendment to the Constitution of the United States. This, I believe, shows conclusively that such hearing is intended to be a meaningful proceeding at which the defendant may prove that he did not violate his probation or where he may be able to show extenuating circumstances which might mitigate the charges against him. Here, as in any other criminal proceeding, he is entitled to the assistance of counsel.
In Mempa Mr. Justice Marshall said, "a lawyer must be afforded at this proceeding whether it be labeled a revocation of probation or a deferred sentencing." The majority interprets that language as meaning that "when probation is revoked and the defendant is for the first time sentenced to the penitentiary that he must have a lawyer whatever the label that is placed upon the hearing." I disagree with that interpretation. In my opinion, the above quoted statement of Justice Marshall, being in the disjunctive, clearly means that a lawyer must be afforded the defendant at a revocation of probation hearing, whether or not the defendant is to be then sentenced. As heretofore noted, can it be denied that his substantial rights may be affected? Is it not sufficient that such hearing may result in imprisonment for the defendant or his ultimate freedom? Is this not one of those circumstances in which a host of cases, state and federal, have held that the defendant is entitled to counsel?
Inasmuch as the petitioner was not afforded the assistance of counsel at his revocation of probation hearing, he was deprived of substantial constitutional rights. I would award the writ and discharge the prisoner.
HAYMOND, President (dissenting):
I emphatically dissent from the decision of the majority in this habeas corpus proceeding, which discharged the writ previously issued and remanded the prisoner to *816 the custody of the warden of the Medium Security Prison. I dissent for the reason that the ruling of the majority is not only fundamentally unsound and utterly erroneous but is also contrary to the decision of the Supreme Court of the United States in Mempha v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336; the decision of the United States District Court for the Northern District of West Virginia in Hamrick v. Boles, 231 F.Supp. 507, and the recent decisions of this Court in State ex rel. Strickland v. Melton, 152 W.Va. 500, 165 S.E.2d 90; State ex rel. Render v. Wood, 152 W.Va. 484, 165 S.E.2d 102; and State ex rel. Phillips v. Wood, 152 W.Va. 568, 165 S.E.2d 105.
I challenge as completely incorrect and manifestly superficial and ill-considered the statement in the majority opinion that the question involved "is one of first impression in this Court and has not been passed upon by the Supreme Court of the United States." On the contrary, the question of the right of a criminal defendant to the assistance of counsel at a hearing at which his probation is revoked was expressly considered and determined in the Mempha case and in the Strickland and Phillips cases. In each of those cases the right to the assistance of counsel in a proceeding in which the probation of a criminal defendant was revoked by the court in such proceeding was expressly upheld and the revocation of such probation when the probationer was not represented by counsel was held to be void. I submit that anyone who reads with any degree of discrimination or understanding the opinions in the foregoing cases must necessarily conclude that the question of the right to the assistance of counsel in a revocation proceeding was specifically considered and resolved. It is true that in those cases the defendant had not been sentenced when his probation was revoked but that fact is of no importance and in none of those cases was the right of the probationer to the assistance of counsel conditioned or made to depend upon whether he had or had not been sentenced.
In the Mempha case the language of Justice Marshall was that "appointment of counsel for an indigent is reguired at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected" and that "a lawyer must be afford at this proceeding whether it be labeled a revocation of probation or a deferred sentencing." I insist that it can not be asserted with any degree of reason or common sense that substantial rights of a criminal defendant are not affected at a hearing to revoke the probation of a criminal defendant whether he has or has not been sentenced but who, in either instance, is free from confinement while his probation is in effect and whose freedom is involved, and that it can not be reasonably contended that the rights of a criminal defendant who has been placed on probation whether sentence has or has not been imposed are not involved or affected so as to entitle him to the assistance of counsel at a hearing at which his probation is revoked. The charge that he has violated his probation may be false and require the assistance of counsel to establish its falsity and to prevent the imposition of a sentence or the serving of a previously imposed sentence, and in either instance, to prevent imprisonment if his probation is not revoked before the expiration of the period of such probation.
The above quoted statements of Justice Marshall, which the majority in this proceeding say may be "ambiguous" were not so considered by the majority in the Strickland and Phillips cases in which all the judges of this Court concurred in the holding that the revocation of the probation of the defendants Strickland and Phillips at hearings in criminal proceedings at which they were not represented by counsel was void and the majority in those cases, except Judge Berry, concurred in the following statement in the opinion in the Strickland case, with reference to the consolidated cases of Mempha and Walking: "The reasoning of the court in the Mempha and Walking cases indicates clearly that the *817 criminal defendant is entitled to the assistance of counsel at any proceeding at which his probation is revoked." The majority of this Court in the Phillips case, except Judge Berry, also concurred in the statement in the opinion in the case that "The reason therefor is that the relator did not have counsel at the revocation of probation hearing and there was no showing that he waived such right."
As the writer of the majority opinion in the Strickland case, I felt and I still feel that the majority of this Court in that case then entertained the view that a criminal defendant is entitled to the assistance of counsel at any hearing at which his probation is revoked whether he has or has not been sentenced at the time of such revocation. I prepared the opinion in that case in that belief. That such was the holding of the Court in the Strickland case is made clear in the opinion filed by Judge Berry, in which he dissented in part and concurred in part. In the dissenting portion of his opinion he said: "I dissent from the statement contained in the majority opinion that: `The reasoning of the court in the Mempha and Walking cases indicates clearly that the criminal defendant is entitled to the assistance of counsel at any proceeding at which his probation is revoked.' Apparently, the majority opinion rests the disposition of this case on this statement which will govern all future cases where the criminal defendant did not have the assistance of counsel at the time his probation was revoked regardless of whether sentence had been previously imposed and the criminal trial completed or where the imposition of sentence had been suspended until after the revocation of probation." The same comment applies to Judge Berry's opinion in the Phillips case which is based on the same ground. Judge Berry's dissenting view as expressed above, and which shows that he considered the holding of the majority in the Strickland and Phillips cases to apply to any hearing at which the probation of a criminal defendant is revoked whether before or after imposition of sentence, was expressly rejected by the majority by a four to one vote in the Strickland case and in the Phillips case. Now the majority, consisting of two judges who concurred in the opinion in the Strickland and Phillips cases and Judge Berry who joins with them, completely changes its view and holding in the Strickland, Render and Phillips cases, adopts the previously rejected view stated in the above dissent, and asserts that the question is one of first impression and has not been decided by this Court or by the Supreme Court of the United States and that the case at bar "is clearly distinguishable from Mempha, Strickland, Render and Phillips and any statement contained in the opinion of any of the cases to the contrary is clearly obiter dictum." In that connection, it seems that some judges, when confronted with holdings with which they are not disposed to agree, summon to their aid the time-worn but utterly ambiguous and elusive Latin phrase known as "obiter dictum." I can not concur in or sanction such an extraordinary change of view and I utterly disagree with and reject as palpably incorrect and erroneous all such assertions.
I am unable to observe any valid difference or distinction between the revocation of probation before or after imposition of sentence, for there is none; and any such purported distinction is utterly unwarranted. As all of us know the trial court may and it does grant probation, after conviction and after sentence has been imposed as well as before sentence is imposed. In either instance when probation is granted the probationer is released from confinement and he remains free from such confinement as long as his probation exists and, if it is not revoked before its expiration, he does not serve the sentence previously imposed or any sentence that might be but has not been imposed at the time probation was granted. In either instance, when probation is revoked, his freedom from confinement is taken from him and he serves the sentence previously imposed or he is committed to serve the sentence that *818 will forthwith be imposed when his probation is revoked. As far as freedom from confinement is concerned, the result is the same and there is no reason for a difference or distinction between a revocation before or after sentence has been imposed. The same grounds for revoking probation are present in each instance, and to say that his substantial rights are not equally involved or affected does not make sense to me and, I should think, it does not make sense to any other reasonable person. That the substantial rights of the probationer are involved when his probation is revoked after sentence has been imposed was envisioned by the court in the Mempha case when, speaking by Justice Marshall, it used this language, which, almost strange to say, is quoted, but alas is ignored completely in the majority opinion: "appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected." If the "substantial rights" of the petitioner in the case at bar were not affected by the revocation of his probation by the trial court in the main criminal proceeding and by his subsequent imprisonment to serve his sentence, I can think of no situation in which such rights of any criminal defendant can be affected. The mere existence of a situation of that nature compels the positive assertion that the substantial rights of the probationer are affected and, if determined in the absence of counsel, are, indeed, violated. It is manifest that he then needs the assistance of counsel to prevent the possible improper revocation of his probation just as much as he needs such assistance when sentence is imposed or when sentence is suspended, whether he does or does not have a valid defense against the offense for which he has been or may be sentenced. It is crystal clear that at any revocation hearing in a criminal proceeding, as here, it is necessary, to satisfy the requirement of due process, that the probationer be represented by counsel. How can an imaginary distinction between revocation of probation before or after sentence is imposed, conjured up by the majority, possibly be justified or sustained? Clearly the answer is that it can not be.
Among the numerous fallacies in the majority opinion is the conclusion that inasmuch as the granting of probation is an act of grace, as admittedly and clearly it is, the revocation of probation is likewise an act of grace. Nothing could be more far fetched or illogical or further from the truth. It would be just as ridiculous to conclude that revocation of probation is an act of grace because the grant of probation is an act of grace as it would be to conclude that revocation of a full pardon is an act of grace because the grant of the pardon is an act of grace, or to conclude that revocation by the donor of a completed gift is an act of grace because the gift itself is such an act; for, of course, a pardon once granted can not be revoked and a valid completed gift can not be revoked by the donor without the consent of the donee.
That the revocation of probation is not an act of grace, and does not occur as a matter of right, but may be effected only because of violation of the conditions upon which probation was granted, whether sentence has been imposed, or has been suspended, is clear from the statutory requirement that the probationer shall be brought before the court or the judge which placed him on probation for a prompt and summary hearing to determine whether probation should be revoked for violation of any conditions of the probation. Section 10, Article 12, Chapter 62, Code, 1931, as amended.
Moreover, probation can not be revoked without a hearing provided by statute. Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1556; Hamrick v. Boles, D.C., 231 F.Supp. 507. This is expressly conceded in the majority opinion. If a revocation of probation is an act of grace there would be no excuse or reason for the statutory requirement of a hearing for the purpose of revoking probation. In the Hamrick case, cited and discussed in the Strickland case and also cited in the majority *819 opinion in the case at bar, the United States District Court said: "Ordinarily, it would be proper to order release, conditioned upon the State's providing the petitioner with the hearing which was denied him. Since the probation revocation order and the commitment must be declared void ab initio, the petitioner has remained in the position of a probationer, and, his probationary period having expired, and since no final charge or probation violation was filed and no warrant was issued therefor during the probation period, he is entitled to his freedom from confinement, and even from supervision." If the petitioner is entitled to a hearing provided by statute, which the majority concedes, the hearing, to be effective or of any benefit to the probationer, must conform to the requirement of due process and due process requires that at a hearing at which the probationer is deprived of his then freedom from imprisonment by the revocation of his probation, he must have the assistance of counsel. This conclusion necessarily follows and is crystal clear to me, and it is equally clear that a revocation hearing at which the probationer is without the assistance of counsel is of no benefit to him and that for the court in which he was convicted and sentenced to conduct even a summary hearing at which the probationer is not represented by counsel is as much a violation of due process as it is to deny him a hearing or to overlook the absence of counsel, when an accused pleads guilty or is sentenced in any criminal proceeding. It will not do to excuse the assistance of counsel upon the pretext that the accused has no adequate defense. An accused generally has no defense when he enters a plea of guilty or when sentence is imposed at any stage of a criminal proceeding; but in each of those situations due process requires that the defendant be afforded the assistance of counsel. Also, it will not do to say that the revocation of probation of the probationer without the assistance of counsel should not be held to be null and void because the probationer, as here, has been convicted and sentenced, is clearly guilty of the offense with which he was charged, and is a vicious and habitual criminal who should be punished, as all or any of these factors can not excuse the failure of the trial court to afford the petitioner the requirement of due process in the revocation of his probation.
I repeat: The Supreme Court of the United States in the Mempha case and this Court in the Strickland, Render and Phillips cases have held and recognized, as a requirement of due process, that a probationer be afforded the assistance of counsel at a proceeding at which his probation is revoked whether at the time of such revocation he has or has not been sentenced to confinement. This conclusion is also in complete accord and harmony with the many recent decisions in cases in which the Supreme Court of the United States has required the assistance of counsel for the accused at almost every conceivable stage of a criminal proceeding and has uniformly held that the absence of representation by counsel without the express waiver of that right by the accused is violative of due process and invalidates any judgment which adversely affects his substantial rights. The majority opinion cites no decision of the Supreme Court of the United States in which that court restricts or limits its holding in the Mempa case to revocation of probation at a hearing at which sentence is imposed for the first time and at which the defendant is not represented by counsel, and research by me has failed to find any such decision of that court. That fact lends strength to the contention that the majority in the case at bar should not have engaged in the creation of an unreal and fanciful distinction between a revocation hearing after sentence and such hearing before sentence is imposed. Instead the majority should have followed the decisions in the Mempha case and the Strickland, Render and Phillips cases, in each of which the holding and the reasoning of this Court were clearly intended to apply to any hearing at which probation of a criminal defendant is revoked, whether, at the time, sentence had or had not been previously imposed.
*820 For the reasons stated I would release the prisoner, bad actor though he is, from the sentence imposed upon each indictment, and discharge him forthwith from the custody of the defendant, not because of any condonation of his criminal conduct but because of the constitutional requirement that he be afforded due process of law which has not been satisfied in this case.
I am authorized to state that CAPLAN, J., concurs in the views expressed in this dissenting opinion.