State of West Virginia

*v.*

John Wayne Shawyer

(No. 12814)

Submitted September 15, 1970.　　Decided October 20, 1970.

*D. H. Rodgers, Jr.,* for plaintiff in error.

*Chauncey H. Browning, Jr.,* Attorney General, *George E. Lantz,* Deputy Attorney General, for defendant in error.

CALHOUN, JUDGE:

This case is before the Court upon a writ of error to the final judgment of the Circuit Court of Berkeley County entered on September 3, 1968, by which order the court revoked the probation of John Wayne Shawyer, hereinafter in this opinion referred to as the defendant, and remanded him to the state penitentiary to resume the serving of a sentence for an indeterminate period of one to ten years.

The material facts are undisputed. The principal question presented for decision is whether the circuit court had jurisdiction to revoke the defendant's probation after the three-year period of probation had expired.

In February, 1965, the defendant was indicted by a grand jury in the Circuit Court of Berkeley County upon a charge of forgery. On February 17, 1965, the defendant appeared in open court in person and by counsel and entered a plea of guilty to the charge contained in the indictment.

Further proceedings in the case were deferred in order that an investigation might be made to enable the court to determine whether the prisoner should be placed on probation. On March 30, 1965, the defendant again appeared in open court in person and by counsel. Thereupon the court sentenced the defendant to confinement in the state penitentiary for an indeterminate period of one to ten years; suspended the execution of the sentence; and placed the defendant upon probation for a period of three years upon certain conditions.

On February 22, 1967, the defendant appeared in court in person and by counsel and entered a plea of guilty to the charge of petit larceny contained in an indictment pending in that court and was sentenced to confinement in the county jail for a period of six months.

On March 17, 1967, the circuit court, acting upon the motion of the prosecuting attorney, directed that a capias be issued directing the sheriff to bring the defendant before the court to answer a charge of violation of the terms of his probation. A hearing was held on March 31, 1967. The defendant appeared before the court in person but without the assistance of counsel. The court heard the evidence and determined that the defendant had violated the terms of his probation by having been convicted of petit larceny in the Circuit Court of Berkeley County.

By an order entered on April 3, 1967, the circuit court revoked the defendant's probation; set aside the suspension of execution of the sentence; and ordered the execution of the sentence previously imposed by the court on March 30, 1965.

In April, 1968, after the expiration of the three-year period of probation, the defendant instituted a habeas corpus proceeding in the Circuit Court of Berkeley County, by which he alleged that the revocation of his probation was unlawful and invalid because the defendant was not represented by counsel at his probation revocation hearing. After a full hearing in the habeas corpus proceeding held on August 22, 1968, the circuit court, by an order entered on August 26, 1968, granted the relief prayed for in the petition and directed the respondent warden forthwith to release the defendant from further confinement in the state penitentiary. No appeal was taken by the state from the final judgment thus entered in the habeas corpus proceeding.

By an order entered on August 23, 1968, approximately five months after the expiration of the three-year period of probation, the circuit court, acting upon the motion of the prosecuting attorney, directed that a second capias be issued to bring the defendant before the court on August 28, 1968, so that a second hearing might be had upon a charge that the defendant had violated the terms of his probation. By this order, the circuit court appointed counsel to represent the defendant at the hearing. Counsel for the defendant filed a written motion to quash the capias, assigning, among other grounds, the fact that the capias was issued after the expiration

of the three-year period of probation and after the defendant's discharge in the habeas corpus proceeding. At the hearing, which was held over the objection of counsel for the defendant, the court proceeded to consider the evidence in relation to the question of again revoking the defendant's probation.

By an order entered on September 3, 1968, the circuit court again revoked the defendant's probation; set aside the suspension of execution of sentence; and ordered that the sentence previously imposed on March 30, 1965, be executed. Thereupon the defendant was remanded to the custody of the sheriff with directions to the sheriff to return the defendant to the state penitentiary there to be confined pursuant to the indeterminate sentence of one to ten years. Counsel for the defendant moved the court "to have the reimposition of sentence suspended" and also moved that the defendant be released on bond pending an appeal to this Court. This motion was overruled but the sheriff was directed by the court to retain the defendant in the county jail for at least one day in order that his attorney might be afforded an opportunity to confer with him relative to the proposed application to this Court for a writ of error.

The record discloses that there was a discussion at the bar of the court among counsel and the court in relation to the right to appeal from the action of the court in entertaining the second revocation of probation hearing and in thereafter ordering that the defendant be returned to the state penitentiary. While the question has not been raised in this Court, we believe it may be appropriate to state that we are of the opinion that the Court's appellate jurisdiction in this case is clear.

It is true that this is not an appeal from the final judgment of conviction and sentence upon the charge of forgery, and it is not an appeal from the final judgment of the trial court in the habeas corpus proceeding. Nevertheless, the case does involve the defendant's freedom. Article VIII, Section 3, of the Constitution of West Virginia and Code, 1931, 58-5-1(f), provide that this Court shall have appellate jurisdiction in

cases "involving freedom." The defendant asserts in this Court that the trial court acted unlawfully and without jurisdiction in directing that the defendant be returned to confinement in the state penitentiary after his final discharge by habeas corpus and after the expiration of the three-year period of probation. Clearly there is presented to this Court on this appeal a question involving the freedom of the defendant. See *State v. Higginbotham,* 146 W.Va. 730, 735, 122 S.E.2d 429, 432-33.

It is clear from prior decisions of this Court that where one has been convicted of a crime and released on probation, an improper failure to provide counsel to represent him at a proceeding to revoke his probation renders void a revocation of the probation. It is clear also from such prior decisions that, after the expiration of the period of probation, a trial court has no jurisdiction to revoke the probation and that the action of a court in doing so will be regarded as void and a nullity. *State v. Reel,* 152 W.Va. 646, 165 S.E.2d· 813; *State ex rel. Phillips v. Wood,* 152 W.Va. 568, 165 S.E.2d 105; *State ex rel. Strickland v. Melton,* 152 W.Va. 500, 165 S.E.2d 90; *State ex rel. Render v. Wood,* 152 W.Va. 484, 165 S.E.2d 102.

The trial court expressed a doubt that the initial revocation of probation in this case was invalid under *Mempa v. Rhay,* 389 U.S. 128. By a three-two division, this Court held that, under the *Mempa* case, revocation of probation without counsel for the prisoner was proper where, as in this case, sentence was imposed and execution thereof suspended. *State ex rel. Riffle v. Thorn,* 153 W.Va. 76, 168 S.E.2d 810. Regardless of whether the trial court correctly applied the *Mempa* decision in this case, the fact remains that the trial court made its interpretation of the *Mempa* case and accordingly rendered a final judgment in the habeas corpus proceeding by which the defendant was ordered to be released from imprisonment in the state penitentiary. By that judgment, the trial court declared that the revocation of probation was void and a nullity. Whether the trial court applied the law correctly or incorrectly and whether in this respect the court did or did not commit reversible error, the fact remains that the judgment stands

unreversed and is a finality. Principles of res judicata are applicable to habeas corpus proceedings. *State ex rel. Cephas v. Boles*, 149 W.Va. 537, 142 S.E.2d 463; *State ex rel. Beckett v. Boles*, 149 W.Va. 112, 138 S.E.2d 851.

The trial court, in granting the second revocation of probation, placed reliance on *Gholston v. Boles* (4th Cir.), 305 F.2d 162, for the proposition that, if revocation proceedings are commenced within the probation period, actual revocation of probation may be made after the expiration of the period of probation. In that connection, the trial court made the following statement in its opinion: "The Order issued by the Court on the motion of the State on the 22nd day of August, 1968, following the Habeas Corpus proceeding appointing an attorney merely brings on for hearing with an attorney the hearing which should have been held on the 31st day of March, 1967, and which was held without an attorney." An order entered by the trial court on September 3, 1968, contains an additional statement of the court's reasoning as follows: "* * * that the present hearing is merely a delayed hearing of the order heretofore entered on the 17th day of March, 1967, * * *."

From the language quoted immediately above, it is apparent that the trial court was of the opinion that the order entered on August 23, 1968, requiring the issuance of a capias which directed the sheriff to produce the defendant before the court on August 28, 1968, for a second revocation of probation hearing, was but a continuation of the revocation of probation proceedings which had been held almost seventeen months previously. We are unable to accept the reasoning of the trial court in this respect. As we have stated previously, when the final judgment was entered in the habeas corpus proceeding, the defendant was discharged from his sentence of imprisonment and the warden was directed forthwith to release him from the penitentiary. The defendant was then a free man.

For reasons stated in this opinion, the judgment of the Circuit Court of Berkeley County is reversed and the case is remanded to that court with directions forthwith to enter an

order directing the warden promptly to discharge the defendant from imprisonment in the state penitentiary.

*Reversed and remanded.*