# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 17-0357** (Mingo County A16-F-61)

**Michael Dwayne Cooper,**
**Defendant Below, Petitioner**

**FILED**

**May 9, 2018**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Michael Cooper ("Mr. Cooper), by counsel Susan J. Van Zant, appeals the March 16, 2017, "Probation Revocation Order and Sentencing Order" of the Circuit Court of Mingo County. Respondent, the State of West Virginia ("the State"), by counsel Scott E. Johnson, filed a response urging this Court to affirm the circuit court's order.

Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the circuit court's decision is based upon an erroneous conclusion of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision.

On August 11, 2016, Mr. Cooper and the State entered into a plea agreement whereby Mr. Cooper pled guilty to one count of third offense DUI in violation of W.Va. Code § 17C-5-2(l). The State agreed to dismiss two remaining counts against Mr. Cooper. The circuit court accepted the plea agreement and by order entered on October 6, 2016, sentenced Mr. Cooper to an incarceration term of one to three years. However, it suspended this sentence and granted Mr. Cooper's request for an alternative sentence allowing him to attend a fifteen month substance abuse treatment program.

Following a positive drug screen in December of 2016, Mr. Cooper was dismissed from the substance abuse treatment program. Thereafter, on January 3, 2017, the State requested that the circuit court issue a "pick up order" to detain Mr. Cooper. The circuit court granted this order and ruled that Mr. Cooper should be "picked up and confined at the Southwest Regional Jail." On February 9, 2017, counsel for Mr. Cooper filed a motion to set aside the "pick up order." In this motion, counsel stated that Mr.

1

Cooper had not been detained following entry of the circuit court's pick up order.[1] Instead, Mr. Cooper had enrolled in an inpatient substance abuse facility soon after his release from the prior substance abuse program. According to the motion, Mr. Cooper had "almost completed the inpatient 28 day substance abuse program . . . and has been referred to an outpatient program . . . [which is] an intense eight week program that meets daily."

The circuit court held a hearing on the motion to set aside the pick up order on February 23, 2017. During this hearing, the circuit court placed Mr. Cooper on home confinement and allowed him to participate in the substance abuse program. Thereafter, the circuit court and counsel for Mr. Cooper engaged in the following exchange:

> Circuit Court: If he's given a furlough to do this [substance abuse program], will he get credit for this time or do I need to place him on probation to give him credit for this time, and then he can be revoked and I can give him more time?
>
> Defense Counsel: I think he needs to be placed on probation now.
>
> Circuit Court: Then that's what I'm going to do, because if he doesn't do this he's not going to get credit for any of this time. . . . All right; home confinement, probation; a condition of probation that he goes to this rehab and has them report every week as to his progress and attendance.
>
> . . .
>
> Circuit Court: Probation will be for a period of two years, and have him meet with Ms. Webb before he leaves today.

Following this hearing, the circuit court entered a "Circuit Court Jail Release" order which provided as follows: "released on Home Confinement/Probation – 2 years." On the following day, the circuit court entered an order "revoking home confinement." This order provided that Mr. Cooper "was ordered to report to the home confinement office upon his release from the regional jail. The defendant was released Thursday, February 23, 2017, at 5:00 p.m., and as of today's date [2/24/2017] at 2:00 p.m., the defendant has failed to report or contact the home confinement office."

---

[1] It is unclear why Mr. Cooper was not picked up following entry of the circuit court's order.

On March 2, 2017, the circuit court held a hearing on the order revoking Mr. Cooper's home confinement. At the beginning of this hearing, counsel for Mr. Cooper and the circuit court had the following exchange:

> Defense Counsel: Your honor, actually an order was – he was granted release last week and I think you referred it to the Southwestern Regional Jail and he did not report to home confinement on Friday and he was picked back up and we're requesting that he be released again and that he be allowed to attend [the substance abuse program], which I had requested before. I think there was confusion – I did not personally explain to Mr. Cooper –
>
> Circuit Court: I did; I don't know [sic] it could have been any clearer.
>
> Defense Counsel: Mr. Cooper, he didn't even realize he was going to be getting out of jail Thursday evening. He didn't know when he would get out because I told him he'd get out when the order was signed, and I was out of town Friday. I could not contact him. I know I got a voicemail from the home confinement officer, but I didn't have Mr. Cooper's phone number with me. I couldn't try to reach him until Monday, when he was already in jail. He lives with his wife and grandmother, I believe. They're both here. His grandmother is his means of transportation. She was not on notice she had to bring him to Williamson Friday morning, and I don't think she was available, but from all reports from [the substance abuse program], they state that he is a wonderful asset to their program and they really think he has benefitted.
>
> Circuit Court: Any other preliminary matters?
>
> Defense Counsel: No. So I would request that he be allowed to go there.
>
> Circuit Court: Okay. That will be denied.

Following this exchange, Kevin Wilson, a home confinement officer, testified that Mr. Cooper reported to the home confinement office on Monday morning, February 27, 2017. Mr. Wilson stated that when he asked Mr. Cooper why he had not

reported to the home confinement office on the previous Friday, Mr. Cooper stated that he was not aware that he was required to report on that date.

The circuit court held a final revocation hearing on March 7, 2017. At this hearing, Mr. Cooper did not contest the fact that he had violated the home confinement order.[2] Thereafter, the parties had the following discussion regarding the penalty for Mr. Cooper's home confinement violation:

> Defense Counsel: If he is found in violation, pursuant to West Virginia Code 62-12-10(2), the violation would be up to a period of confinement up to sixty (60) days for the first violation of probation.
>
> Counsel for the State: I agree with [defense counsel]. That is the applicable law and that is the rule, and I would ask the court to consider that.
>
> Circuit Court: Well, I don't think he was placed on probation. I'm looking at his sentencing order. . . .
>
> Defense Counsel: Your Honor, on February 23rd you signed an order releasing him on home confinement and two years of probation.
>
> Circuit Court: Let me see that. Well, that's a commitment order.
>
> Defense Counsel: But it says at the bottom home confinement, probation two years.
>
> Circuit Court: Well, but this is a jail commitment order.
>
> Defense Counsel: And then – Well, the order that you entered on February 24th also references his home confinement and his probation.

Further, during this hearing the circuit court asked the probation officer if Mr. Cooper had signed a document setting forth his probation rules. The probation

---

[2] While Mr. Cooper did not contest the fact that he had committed a home confinement violation, we note that the record before us is devoid of any instance in which Mr. Cooper was informed that he was required to report to the home confinement office on Friday, February 24, 2017.

4

officer responded that he had not. The circuit court therefore determined that Mr. Cooper "was never actually placed on probation because he didn't show up to probation even to be revoked." The circuit court concluded that W.Va. Code § 62-12-10(a)(2), concerning probation violation penalties, was not applicable because Mr. Cooper "was never actually placed on probation." By order entered on March 16, 2017, the circuit court sentenced Mr. Cooper to serve his underlying sentence, one to three years. Mr. Cooper filed the instant appeal following entry of this order.

Our standard of review is set forth in Syllabus Point 1 of *State v. Inscore*, 219 W.Va. 443, 634 S.E.2d 389 (2006):

> "When reviewing the findings of fact and conclusions of law of a circuit court sentencing a defendant following a revocation of probation, we apply a three-pronged standard of review. We review the decision on the probation revocation motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Duke,* 200 W.Va. 356, 489 S.E.2d 738 (1997).

On appeal, Mr. Cooper argues that the circuit court erred by ordering him to serve his full one to three year sentence based on his probation violation. According to Mr. Cooper, his probation violation subjected him to a maximum sentence of sixty days based on W.Va. Code § 62-12-10. After review, we agree with Mr. Cooper.

This case involves Mr. Cooper's probation revocation. This Court has previously addressed probation in a number of cases. In *State v. Duke*, 200 W.Va. 356, 364, 489 S.E.2d 738, 746 (1997), this Court provided:

> We have recognized that probation is a privilege of conditional liberty bestowed upon a criminal defendant through the grace of the circuit court. *See*, *e.g.*, *State ex rel. Winter v. MacQueen,* 161 W.Va. 30, 32-33, 239 S.E.2d 660, 661-62 (1977) ("'[A] defendant convicted of a crime has no absolute right to probation, probation being a matter of grace only, extended by the State to a defendant convicted of a crime, in certain circumstances and on certain conditions.'" (*quoting State v. Loy*, 146 W.Va. 308, 318, 119 S.E.2d 826, 832 (1961))); Syl. pt. 1, *State v. Rose*, 156 W.Va. 342, 192 S.E.2d 884 (1972) ("Probation is a matter of grace and not a matter of right."); *State ex rel. Riffle v. Thorn*, 153 W.Va. 76, 81, 168 S.E.2d 810, 813 (1969) ("'Probation or suspension of

5

sentence comes as an act of grace to one convicted of a crime[.]'" (*quoting Escoe v. Zerbst*, 295 U.S. 490, 492, 55 S.Ct. 818, 819, 79 L.Ed. 1566, 1568 (1935))); Syl. pt. 2, *State ex rel. Strickland v. Melton*, 152 W.Va. 500, 165 S.E.2d 90 (1968) ("Probation is not a sentence for a crime but instead is an act of grace upon the part of the State to a person who has been convicted of a crime.").

Accordingly, the decision as to whether the imposition of probation is appropriate in a certain case is entirely within the circuit court's discretion. The West Virginia Legislature has established that "[a]ny circuit court of this State shall have authority . . . to place on probation any person convicted of a crime." W.Va. Code § 62-12-1 (1975) (Repl.Vol.1992).

The instant matter requires us to examine W.Va. Code § 62-12-10(a)(2). It provides:

> (a) If at any time during the period of probation there shall be reasonable cause to believe that the probationer has violated any of the conditions of his or her probation, the probation officer may arrest him or her with or without an order or warrant, or the court which placed him or her on probation, or the judge thereof in vacation, may issue an order for his or her arrest, whereupon he or she shall be brought before the court, or the judge thereof in vacation, for a prompt and summary hearing.
>
> . . .
>
> (2) If the judge finds that reasonable cause exists to believe that the probationer violated any condition of supervision other than the conditions of probation set forth in subdivision (1) of this subsection then, **for the first violation, the judge shall impose a period of confinement up to sixty days** or, for the second violation, a period of confinement up to one hundred twenty days. For the third violation, the judge may revoke the suspension of imposition or execution of sentence, impose sentence if none has been imposed and order that sentence be executed, with credit for time spent in confinement under this section.

(Emphasis added).

6

Mr. Cooper was placed on probation on February 23, 2017. The circuit court made this clear at the conclusion of the February 23, 2017, hearing, stating: "All right; home confinement, probation; a condition of probation that he goes to this rehab and has them report every week as to his progress and attendance. . . . *Probation will be for a period of two years*[.]" (Emphasis added). Further, the circuit court entered an order after this hearing confirming that Mr. Cooper was on probation, it provides that Mr. Cooper was "released on Home Confinement/*Probation – 2 years*." (Emphasis added). Additionally, the circuit court's February 24, 2017, order revoking Mr. Cooper's home confinement states, "Be it remembered that the Defendant herein, Michael DeWayne Cooper, was previously placed on electronic Home Confinement *as a condition of his probation*." (Emphasis added).

The circuit court's determination that Mr. Cooper was not placed on probation is unsupported by the record in this case.[3] The circuit court's February 23, 2017, order clearly provided that Mr. Cooper was on probation for a period of two years. Thus, Mr. Cooper's probation began when that order was entered. "It is a paramount principle of jurisprudence that a court speaks only through its orders." *Legg v. Felinton*, 219 W.Va. 478, 483, 637 S.E.2d 576, 581 (2006). *See State v. White*, 188 W.Va. 534, 536 n. 2, 425 S.E.2d 210, 212 n. 2 (1992) ("[H]aving held that a court speaks through its orders, we are left to decide this case within the parameters of the circuit court's order." (citations omitted)); *State ex rel. Erlewine v. Thompson*, 156 W.Va. 714, 718, 207 S.E.2d 105, 107 (1973) ("A court of record speaks only through its orders[.]" (citations omitted)).

Because both the hearing transcript and the circuit court's order clearly provide that Mr. Cooper was placed on probation, we find that the penalty for his probation violation is set forth in W.Va. Code 62-12-10(a)(2). As this Court has previously noted, "West Virginia Code § 62-12-10(a)(2) authorizes a term of incarceration of up to sixty days for a first probation violation." *State v. Eisenbeiss*, 2017 WL 656996 (February 17, 2017) (memorandum decision). Thus, we conclude the circuit court erred by sentencing Mr. Cooper to serve one to three years based on his first probation violation. Instead, Mr. Cooper should have received a maximum incarceration term of sixty days for his probation violation pursuant to the clear language contained in W.Va. Code § 62-12-10(a)(2).

---

[3] Likewise, we find no support for the State's argument on appeal that "until the defendant accepts the probation, there is no probation." The circuit court entered an order placing Mr. Cooper on probation. The State has not cited any West Virginia law supporting its position that, despite the court's order placing Mr. Cooper on probation, the term of probation did not begin until "the defendant accepts the probation."

For the foregoing reasons, we reverse the circuit court's March 16, 2017, order, and remand this matter to the circuit court for entry of an order releasing Mr. Cooper from incarceration and placing him on probation because Mr. Cooper has already served far more than the sixty day sentence he should have received for his probation violation. In fact, Mr. Cooper has been incarcerated for over a year for his probation violation. Further, the Clerk is directed to issue the mandate in this action forthwith.

Reversed and Remanded With Directions.

**ISSUED:** May 9, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker