STATE OF NEBRASKA, APPELLEE, V. JAMES M. CLARK, APPELLANT.

246 N. W. 2d 657

Filed November 10, 1976. No. 40715.

Richard Douglas McClain, for appellant.

Paul L. Douglas, Attorney General, and J. Kirk Brown, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

James M. Clark appeals to this court from a judgment of the District Court for Johnson County, Nebraska, affirming an order entered by the county court of that county on January 22, 1976, revoking appellant's probation. We affirm.

This case arose out of a fight involving the appellant, which resulted in property damage to the tavern in which the fight occurred. Other charges, including an assault, arose out of the incident referred to, but need not be considered in the disposition of this appeal. As a result of a plea bargain, the appellant, on October 3, 1974, pled guilty to the reduced charge of malicious destruction of property under $100 in the county court of Johnson County, and was placed on probation for 1 year, subject to 11 specific conditions of probation as set out in the order of the court. Among the terms of probation so specified were the following: "3. That he (defendant) shall report to the probation officer as directed by the Court or the probation officer. He is hereby ordered to make written monthly reports on the first day of each month and to present these reports in person to the said probation officer between the first and tenth day of each month; * * * 7. That he shall not violate the ordinance of any municipality, the laws of any State, or the laws of the United States; * * * 10. That the Defendant shall make restitution through this court to Marvin Kress to the maximum extent of $2500.00, the restitution to be justified to the court by receipts showing actual payment for medical services and payment for property damage resulting from the incident herein involved, credit being given toward said restitution for all amounts paid by insurance, specifically for property damage and medical expense, one-half of said restitution to be made by the defendant six months

from the date hereof, and the remainder to be paid within twelve months hereof."

Approximately 11 months thereafter, on September 4, 1975, the county attorney of Johnson County filed a motion in the county court to revoke Clark's probation and to impose the penalties provided by statute, "for the reasons that the said James M. Clark has failed, neglected and refused to make restitution as provided by Paragraph 10 of the Probationary Order," and "That additionally the said James M. Clark has refused to report to his probation officer as directed by the probation officer and has also failed, neglected and refused to make a written monthly report on the first day of each month and to present said report in person to the probation officer between the first and tenth day of each month, contrary to the provisions of Paragraph 3 of the Probation Order." A hearing was held on that motion on January 22, 1976, following a waiver of a preliminary hearing by the appellant, at which hearing the State presented evidence, but the appellant declined to do so. The court found that the appellant was in violation of the terms of his probation order, stating: "Specifically taken into consideration by the Court were instances shown by evidence to have occurred on July 3rd, 1975 and on August 7, 1975, said failure to report being in violation of the provisions of paragraph 3 of the probation order; that further, the Defendant violated the terms of the probation order in that he failed to make restitution as required by paragraph 10 of the probation order, the Court taking into consideration that an extended period of time elapsed from notification of the Defendant of the amount of restitution and the payment of the first half of the restitution; that the Defendant is in violation of his probation order in that he was convicted of intoxication in the County Court of Gage County, Nebraska, during the terms of his probation, although subsequent to the filing of the Motion to Revoke the Probation, and that said conviction was for

a violation of the laws of the State of Nebraska, contrary to the provisions of paragraph 7 of the probation order." The court then revoked the probation of the appellant entered on October 3, 1974, and sentenced the appellant to serve a term of 15 days in the county jail.

Clark appealed that order of revocation to the District Court for Johnson County, which heard the appeal on March 1, 1976. The District Court affirmed the order of the county court and ordered Clark's probation revoked, and sentenced Clark to serve 15 days in the county jail. In its judgment entry, the District Court noted that the alleged violation of paragraph 7 of the conditions of probation was not properly before the county court because the appellant was not given notice of this alleged violation in the county attorney's motion for revocation. The court stated: "In affirming the revocation of the County Court, the District Court considers that there was other independent basis for the revocation of probation aside from evidence of Defendant's conviction of intoxication during the term of his probation; the rights of the Defendant were not prejudiced by either the revocation proceedings, or, the Order of Revocation." The court also noted in its judgment, "The Bill of Exceptions relating to this appeal is not made a part of the record." It does not appear that it was ever offered in evidence at the hearing in the District Court.

In his assignments of error and argument contained in his brief on appeal, appellant concentrates almost exclusively upon the issue of whether he had violated the provisions of Item 10 of his probation relating to making restitution for damages in a maximum amount of $2,500, one half of said restitution to be made within 6 months and the remainder to be paid within 12 months. Primarily, he points out that it was impossible for him to make payment of one half of the restitution within 6 months for the reason that the receipts for the damages were not filed in time for him to do so, nor had

there been a determination of the amounts collected from insurance which was to be credited upon the amount of the damages, and therefore there was no violation on his part of the provisions of Item 10 of his order of probation. We have previously set out specifically Item 10 and shall not repeat it. There are, undoubtedly, ambiguities contained in that paragraph, due to lack of specificity as to procedure, but we do not believe it is necessary to decide whether or not appellant violated the terms of that particular paragraph in order to sustain the judgment of revocation entered by the District Court, and by the county court.

Appellant ignores, or at least minimizes, the fact that one of the grounds specified in the motion of the county attorney for revocation of probation was that Clark had refused to report to his probation officer as directed and had failed, neglected, and refused to make monthly reports to his probation officer. The county court found in its order revoking probation following the hearing on January 22, 1976, that Clark had violated his probation by failing to report, either in person or in writing, as required by the probation officer, and it cited specific instances shown by the evidence to have occurred on July 3, 1975, and on August 7, 1975. The evidence clearly shows that appellant missed both his July and August 1975, meetings with his probation officer, although he did telephone the officer on July 18, 1975, to say that he had forgotten his July meeting. The appellant was then told that it was unnecessary to report in July since it was late in the month, but he was ordered to come in August. When the appellant did not report in August, and when he made no payments of restitution, the county attorney commenced the revocation proceedings. Essentially, appellant contends that the county court reached a "prejudicial" determination in revoking his probation because all the alleged violations were not supported by the evidence. Such is not required, and where the evidence clearly shows one violation of the

conditions of probation it is sufficient to justify the revocation of that probation. Section 29-2268, R. R. S. 1943, provides that. "If the court finds that the probationer did violate *a condition* of his probation, it may revoke the probation and impose on the offender such new sentence as might have been imposed originally for the crime of which he was convicted." (Emphasis supplied.) It is clear that under the above statute a violation of a single condition of probation can support revocation, and the evidence is uncontroverted in this case that the appellant did violate paragraph 3 of the conditions of probation. This was established by "clear and convincing evidence," as required in section 29-2267, R. R. S. 1943. Thus, regardless of whether the appellant also violated the condition of probation as to restitution, the evidence supports the county court's judgment and the District Court's affirmance of that judgment. There was no abuse of discretion on the part of the county court in revoking appellant's probation, nor by the District Court in affirming that action.

AFFIRMED.