State Of West Virginia

*v.*

Dennis O. Ketchum

(No. 14301)

Decided June 23, 1981.

George M. Cooper, for plaintiff in error.

*Chauncey H. Browning*, Attorney General, *Richard S. Glaser, Jr.*, Assistant Attorney General, for defendant in error.

MILLER, JUSTICE:

Dennis Ketchum appeals the revocation of his probation from the Circuit Court of Jackson County. He contends that the revocation was improper since it was based on criminal charges that were committed in Kanawha County and dismissed by the prosecuting attorney of Kanawha County. A second claim is made that the trial judge was biased. We conclude that the appellant's probation was properly revoked.

In April of 1976, the appellant pled guilty to the offense of possession of marijuana with intent to deliver and was sentenced to one to five years. The Circuit Court of Jackson County suspended the sentence and placed the appellant on probation for three years. On December 17, 1976, the appellant's probation officer gave him notice that his probation would be revoked for several reasons including a claim that he had passed two bad checks in

Kanawha County.[1] A preliminary hearing was held and the magistrate determined that there was probable cause to believe the appellant had violated his probation.

At the final revocation hearing, the State presented evidence from the business establishment where the appellant had passed the bad checks. This evidence was challenged on the fact that the prosecuting attorney of Kanawha County had entered an order of *nolle prosequi* to these two charges.[2] The trial court, after considering all the testimony, found by a "clear and convincing preponderance of the evidence" that appellant had passed the two bad checks and thereby violated his probation. Appellant was then sentenced to one to five years.

Initially, we note that in Syllabus Point 1 of *Sigman v. Whyte*, 165 W. Va. 356, 268 S.E.2d 603 (1980), we recognized that "[a]n order revoking probation may be reviewed by a writ of habeas corpus. . . ." *Sigman* also suggested that this was the preferable method rather than a direct appeal but recognized that other states had permitted a direct appeal of an order revoking probation. *E.g., People v. Coleman*, 13 Cal.3d 867, 533 P.2d 1024, 120 Cal. Rptr. 384 (1975); *People v. Atencio*, 186 Colo. 76, 525 P.2d 461 (1974); *State v. Saavedra*, 5 Conn. Cir. 367, 253 A.2d 677 (1968); *Commonwealth v. Davis*, 234 Pa. Super. 31, 336 A.2d 616 (1975).

In *State v. Shawyer*, 154 W. Va. 522, 177 S.E.2d 25 (1970), we permitted a direct appeal of a probation revocation concluding that "the case does involve the defendant's freedom. Article VIII, Section 3, of the Constitution of West Virginia and Code, 1931, 58-5-1(f) provide that this Court shall have appellate jurisdiction in cases 'involving freedom.'" 154 W. Va. at 525-26, 177 S.E.2d at 25. A direct appeal was also entertained in *State v. Fraley*, 163 W. Va.

---

[1] W. Va. Code, 61-3-39, which was in effect in 1976 made the passing of a worthless check for more than fifty dollars a felony. The two checks passed by appellant were for $149.30 and $144.20.

[2] The probation revocation record does not detail the reasons why the Kanawha County Prosecutor had decided to enter a *nolle prosequi* on the bad check charges.

542, 258 S.E.2d 129 (1979), and *State v. Rose*, 156 W. Va. 342, 192 S.E.2d 884 (1972). We conclude that a probation revocation may be reviewed either by a direct appeal or by a writ of habeas corpus.

The appellant's chief argument is that the dismissal of the criminal charges in Kanawha County should operate to bar their use in his Jackson County probation revocation proceeding. In *Sigman* we addressed a related issue when we found that probation could be revoked based on the fact that the defendant had committed a criminal offense even though the trial on the criminal offense had not occurred.

The reason probation can be revoked without an underlying conviction is because a probation revocation proceeding does not involve a determination of the defendant's guilt of the criminal offense committed while on probation. Rather it involves a factual determination that an offense has been committed which imparts the conclusion that the rehabilitative and other purposes behind probation have failed.[3] *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Dobbs v. Wallace*, 157 W. Va. 405, 201 S.E.2d 914, 917 (1974); *State v. Robinson*, 619 P.2d 813 (Mont. 1980); *Commonwealth v. Davis*, 234 Pa. Super. 31, 336 A.2d 616 (1975). Because a determination of criminal guilt is not involved, the standard of proof in a probation revocation hearing is by a clear preponderance of the evidence and not proof beyond

---

[3] In *Jett v. Leverette*, 162 W. Va. 140, 247 S.E.2d 469, 470 (1978), we touched upon the rehabilitative purpose of probation. The ABA Standards for Criminal Justice, pp. 18-75, 76 (2nd ed. 1980), give the following reasons in favor of probation:
"What is essential is that probation is the most humane alternative, not that it might be the most therapeutic. The ABA has long believed that probation is a desirable disposition in appropriate cases for a variety of independent reasons: (1) it maximizes the liberty of the individual while vindicating the authority of the court; (2) it eases the reintegration of the offender into the community; (3) it minimizes the hidden costs that imprisonment places on the family of the offender, in the form of both reduced income and enforced separation; and (4) it is the most economic form of correctional supervision."

a reasonable doubt. *E.g., Sigman v. Whyte, supra,* and cases therein cited.[4] Much the same reasoning is behind the rule that not all of the criminal procedural safeguards attend a probation revocation hearing. *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Louk v. Haynes,* 159 W. Va. 482, 223 S.E.2d 780 (1976); *Hughes v. Gwinn,* ___ W. Va. ___, S.E.2d ___ (No. 15060, March 17, 1981).

In the present case, the fact that the criminal charges were dismissed in Kanawha County does not prevent the subsequent use of these charges in a probation revocation proceeding. We have held that a dismissal of criminal charges by a prosecutor prior to trial will not preclude a subsequent reindictment on the same charges. *State v. Cunningham,* 160 W. Va. 582, 236 S.E.2d 459 (1977); *State v. Crawford,* 83 W. Va. 556, 98 S.E. 615 (1919), *see State v. Runyon,* 100 W. Va. 647, 131 S.E. 466 (1926). Thus, in the context of a subsequent resurrection of the criminal charges the prior dismissal does not operate as a bar to a new trial.

This being true in a criminal trial context, there is even less reason to fashion a higher standard for probation revocation, when the latter has traditionally been accorded less procedural safeguards. Other courts examining this issue have arrived at the same conclusion that the dismissal of a criminal charge against a defendant for an offense committed while he is on probation does not preclude the subsequent use of such charge to revoke his

---

[4] In *Sigman* this Court pointed out that the ABA Project on Standards Relating to Probation §5.4(a) (iii), at 65, (Approved Draft 1970), required proof by a preponderance of the evidence, which is analogous to the federal rule that the court must be "reasonably satisfied" that a violation occurred and appears to be the dominant rule. *United States v. Smith,* 571 F.2d 370 (7th Cir. 1978); *United States v. Manuszak,* 532 F.2d 311 (3rd Cir. 1976); *United States v. Strada,* 503 F.2d 1081 (8th Cir. 1974); *United States v. Nagelberg,* 413 F.2d 708 (2nd Cir. 1969), *cert. denied,* 396 U.S. 1010, 90 S.Ct. 569, 24 L.Ed.2d 502 (1970). Consequently, our standard of a "clear preponderance" is somewhat higher and more in line with the new ABA *Standards for Criminal Justice,* p. 18-532 (2nd ed. 1980), which require clear and convincing evidence.

probation. *State v. Jameson*, 112 Ariz. 315, 541 P.2d 912 (1975); *People v. Turner*, 118 Cal. Rptr. 924, 44 Cal. App.3d 753 (1975); *Commonwealth v. Davis*, 234 Pa. Super. 31, 336 A.2d 616 (1975); *State v. Spratt*, 386 A.2d 1094 (R.I. 1978).

The appellant's second argument, that the trial court was biased and should have recused himself, fails because no objection was made on this ground at the revocation proceeding.[5] We have historically held under our "plain error" doctrine that when no objection is initially made, in the trial court, we will not consider the error on appeal unless it is of a constitutional dimension or "it is necessary to prevent manifest injustice or clear prejudice to a party." *State v. Demastus*, 165 W. Va. 572, 270 S.E.2d 649, 659 (1980); *State v. Dozier*, 163 W. Va. 192, 255 S.E.2d 552 (1979); *cf. State v. Bush*, 163 W. Va. 168, 255 S.E.2d 539 (1979); *State v. Files*, 125 W. Va. 243, 24 S.E.2d 233 (1943); *State v. Richmond*, 124 W. Va. 777, 22 S.E.2d 537 (1942). No such assertions are made in connection with this point and we, therefore, decline to address it.

For different reasons we decline to address appellant's contention that his probation was revoked because he moved his place of residence without first notifying his probation officer. This was one of the grounds charged in the original notice but the trial court at the revocation proceeding did not appear to give much consideration to this technical violation.[6] The fact remains another and

---

[5] The revocation hearing in 1976 was prior to our decision in *Stern Bros., Inc. v. McClure*, 160 W. Va. 582, 236 S.E.2d 222 (1977), which clarified the procedural steps for raising questions as to a judge's disqualification.

[6] From the record it appears that the appellant had been harassed by individuals in Kanawha County which made living there difficult. He notified his probation officer who told the appellant that he ought to "stick it out." The appellant decided to go to Sutton, West Virginia, for a vacation and after spending approximately two to three weeks he decided to relocate in Braxton County. Thereafter he notified his probation officer that he had moved to Braxton County. We do not believe that the appellant's probation could have been revoked on this ground alone, i.e., that he failed to notify his probation officer before moving. In *State v. Rose*, 156 W. Va. 342, 192 S.E.2d 884 (1972), by a three to two vote, this Court did uphold the revocation of

more serious charge was shown which was the Kanawha County criminal offense. Courts have generally held that where probation is revoked on one valid charge, the fact that other charges may be invalid will not result in reversing the revocation. *State v. Jameson,* 112 Ariz. 315, 541 P.2d 912 (1975); *Gorden v. State,* 601 S.W.2d 598 (Ark. 1980); *State v. Philips,* 556 P.2d 1054 (Okla. 1976); *Moore v. State,* 605 S.W.2d 924 (Tex. Cr. App. 1980); *State v. Clark,* 197 Neb. 42, 246 N.W.2d 657 (1976).

We conclude that there was no reversible error on the part of the trial court and consequently affirm its judgment.

*Affirmed.*

---

probation on the technical violation that the probationer had left the State without notifying his probation officer. There the probationer had driven to Maryland and returned the same day.

While there is a divurgence of authority in this area, we believe that the better rule is that probation should not be revoked on a minor technical violation of probation. *See, e.g., Shaw v. State,* 391 So.2d 754 (Fla. App. 1980) (jailed probationer did not have to formally notify officer of move because officer had constructive notice); *Kotowski v. State,* 344 So.2d 620 (Fla. App. 1977) (evicted probationer did not have to notify officer before move); *Robertson v. Maggio,* 341 So.2d 366 (La. 1976) (probation not revoked for delay in reporting change of address); *Aguilar v. State,* 542 S.W.2d 871 (Tex. App. 1976) (probation not revoked for traveling outside state without consent of court, which was required, when officer consented); *but see, People v. Thrash,* 80 Cal. App.3d 898, 146 Cal. Rptr. 32 (1978) (probation revoked for traveling outside the state without permission); *People v. Willett,* 44 Ill. App.3d 545, 358 N.E.2d 617 (1976) (probation revoked for taking trip late then when permission was given); *see also* ABA Standards for Criminal Justice, pp. 18-515-16 (2nd ed. 1980).