375 S.E.2d 829

**STATE of West Virginia**

v.

**Robert Fay BOWMAN.**

**No. 18411.**

Supreme Court of Appeals of West Virginia.

Dec. 21, 1988.

Patricia A. Bunner, Fairview, for appellant.

Charles G. Brown, III, Atty. Gen., Charleston, for appellee.

PER CURIAM:

This case is before the Court upon the appeal of Robert Fay Bowman from the July 22, 1987 order of the Circuit Court of Marion County which revoked Bowman's probation and remanded Bowman to the custody of the West Virginia Department of Corrections to serve two consecutive one to ten year sentences for grand larceny. *See* syl. pt. 1, *State v. Ketchum*, 169 W.Va. 9, 289 S.E.2d 657 (1981). The appellant contends that the trial court arbitrarily revoked his probation as the State failed to establish through clear and convincing evidence that his failure to report for unpaid community service work on three occasions was inexcusable. We agree and reverse.

Appellant is twenty-two years old, has an eighth grade education and reads at the third grade level. He plead guilty to two counts of grand larceny on October 14, 1986. The charges arose from the appellant's theft of copper wire, valued at $2,266, from an abandoned mine site.

At a hearing conducted on March 6, 1987, the appellant was sentenced to serve two, one to ten-year consecutive prison terms. Sentence was suspended and the appellant was placed on probation for a period of five years.

██ Besides the mandatory conditions of probation contained in *W.Va.Code*, 62–12–9(1)–(3) [1983], the trial judge imposed several additional conditions pursuant to his discretionary authority contained in *W.Va. Code*, 62–12–9(4) [1983]. Among those conditions were that the appellant perform forty hours per week unpaid community service for the five-year probationary period.[1]

The appellant's initial community service assignment was as a janitor and car washer at the county jail. Two weeks later he was reassigned to the Marion County Parks and Recreation Commission ("Park Service"). He worked for the Park Service as a swimming pool maintenance man and as a groundskeeper.

On June 11, 1987, the Director of the Park Service wrote the county sheriff and relayed that the appellant's supervisors had noted appellant's unspecified absenteeism and appellant's "less than motivated attitude."

On June 16, 1987, the sheriff informed the sentencing judge of the communication and the sentencing judge issued a capias for the appellant and further ordered the prosecutor to file a petition for probation revocation. *See W.Va.Code*, 62–12–10 [1955].

A preliminary and final hearing for probation revocation was conducted by the sentencing judge, without objection. *See State v. Ketchum*, 169 W.Va. 9, 289 S.E.2d 657 (1981); syl. pts. 13 and 14, *Louk v. Haynes*, 159 W.Va. 482, 223 S.E.2d 780 (1976). The preliminary hearing is not part of the record before the Court.

At the final hearing of June 29, 1987, a member of the sheriff's department who supervised the appellant during his two weeks of community service at the county jail testified about the appellant's work habits. The appellant was never absent for

---

**1.** Appellant was also ordered to make restitution by 1989 and receive a GED diploma by 1989. Since these two conditions were not raised at the probation revocation hearing below, we need not address the propriety of these conditions which are "subject to modification at any time." *W.Va.Code*, 62–12–9(3) [1983]. *See, e.g., Fox v. State*, 176 W.Va. 677, 347 S.E.2d 197 (1986).

On a related matter, although the sentencing hearing was conducted on March 6, 1987, the sentencing order was not entered until the same date the capias was issued for the alleged probation violation, June 16, 1987. The appellant attempted to comply with the conditions of probation prior to formal entry of the order. At a subsequent hearing, he was also able to recite the conditions of probation. Therefore, the failure to timely file the sentencing order did not prejudice the appellant. *State v. Holcomb*, 178 W.Va. 455, 360 S.E.2d 232 (1987).

work, instead, the chief complaint was that the appellant

was assigned to three cruisers. When the Sheriff came to me, after washing his black cruiser, it had more spots on it than an Appaloosa pony. He was told he had to do it again. If I remember right, he did it three times before he got all the spots and stuff off the cruiser.... He knew he messed it up a couple times.

Following this testimony the Director of the Park Service testified, over defense counsel's objection, as to the observations of the appellant's work supervisor of the appellant's work habits. The Park Service Director never witnessed these habits or spoke with the appellant about his apparent difficulty with menial tasks. *Cf. State v. Fraley*, 163 W.Va. 542, 258 S.E.2d 129 (1979) (the use of hearsay at a parole revocation hearing deprives the alleged violator of the right to fully confront his accusers and therefore deprives him of the due process rights accorded in *Louk* ), and *W.Va.R.Evid.* 1101(a) and 1101(b)(3) (February 1, 1985) with *State v. Holcomb*, 178 W.Va. 455, 360 S.E.2d 232 (1987) and *State v. Ketchum*, 169 W.Va. 9, 289 S.E.2d 657 (1981) (probation revocation hearings are not subject to strict *criminal procedure* requirements).

The Director also produced the appellant's "time cards" which were punched by his supervisors. The cards showed that the appellant did not attend work for three of twelve working days, one of which was a legal holiday.[2]

The appellant testified that during the course of his assignment at the swimming pool, he was telephoned by his supervisors on rainy days and informed that he did not have to report to work. He further testi-

fied that he hitchhiked to and from work. The distance from appellant's home to the park is twelve miles.

Appellant's probation officer testified that he was never informed by the Park Service or the Sheriff's Department of the appellant's problems, although he regularly met with the appellant. The probation officer further testified that he was attending the final revocation hearing only because he discovered in a newspaper that the proceeding was taking place.[3]

Counsel also introduced into evidence appellant's grade school records, which establish that the appellant is twenty-two years old, has an eighth grade education and reads at the third grade level. A report titled "presentence investigation," which was prepared by his probation officer, does not discuss his intellectual abilities or any previous diagnostic testing of the appellant.

Based upon this evidence, the trial judge found that the appellant was absent from his community service work and failed to properly follow assignments. He further found that the appellant's conduct was "without excuse." He then revoked probation and executed the two consecutive one to ten-year sentences. Appellant's counsel informs the Court that the sentences have not been stayed pending appeal.

■ In syllabus point 4 of *Sigman v. Whyte*, 165 W.Va. 356, 268 S.E.2d 603 (1980), the Court held: "Where a probation violation is contested, the State must establish the violation by a clear preponderance of the evidence." The Court specifically noted that this standard exceeds the mere "preponderance of the evidence" test recommended by the American Bar Associa-

---

2. The only evidence of record concerning the appellant's work hours is the appellant's testimony. He stated that his work hours were from 7:00 a.m. until 3:00 p.m. The trial court's additional finding that the appellant frequently left work early must be compared with his "time cards" which establish that the appellant definitely left "early" on three occasions for a total of three hours. Appellant also worked overtime on three occasions for a total of three hours. As such, the finding concerning his early departures, is at best, a nonsequitor.

3. In *W.Va.Code*, 62–12–6 [1939], the legislature has enumerated the duties of probation officers, which include that a probation officer

shall keep himself informed concerning the conduct and condition of those under his supervision and shall report thereon in writing as often as the court may require. He shall use all practicable and suitable methods to aid and encourage them and to bring about improvement in their conduct and condition.

tion. *Sigman,* 165 W.Va. at 362, 268 S.E.2d at 607.

■ In this case the only condition of probation in the sentencing order that the trial judge found the appellant inexcusably violated was that he missed three days of unpaid community service work, one of which was a federal holiday.

The appellant testified that he did not report for work on those days that it rained and his supervisor informed him that he need not hitchhike to work.

Appellant's testimony was unrefuted, as the State never produced the testimony of appellant's supervisor at the Park Service. When considering this testimony in light of: appellant's efforts toward compliance by hitchhiking twenty-four miles per day; his low intellectual abilities; and the community service supervisor's failure to give appellant's probation officer the opportunity to perform his statutory duties, we find that the trial judge arbitrarily determined that the appellant violated one of the terms of probation without excuse. *Fox v. State,* 176 W.Va. 677, 347 S.E.2d 197 (1986).

Based upon the foregoing, the Circuit Court of Marion County order of July 22, 1987 is reversed and set aside and the case is remanded to the Circuit Court of Marion County with directions to reinstate the June 16, 1987 order granting appellant's probation and stating the conditions of probation. Any challenges to the conditions of probation may properly be made before the Circuit Court of Marion County upon the taking of additional evidence.

Reversed and remanded with directions.