# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 13-1050** (Morgan County 10-F-42)

**Shawn E. Hann,**
**Defendant Below, Petitioner**

**FILED**

April 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Shawn Hann, by counsel Shawn McDermott, appeals the Circuit Court of Morgan County's July 31, 2013, order denying his motion for reconsideration of his sentence. The State, by counsel Julie Warren, filed a response. On appeal, petitioner alleges that the circuit court erred in denying his motion for correction and/or reduction of sentence and failing to consider the amended probation revocation statute during the hearing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 13, 2010, petitioner was indicted by the Morgan County Grand Jury on one count of attempted delivery of marijuana and six separate counts of possession with the intent to deliver marijuana, Suboxone, Percocet, Lorazepam, Hydrocodone, and Opana. After negotiations, petitioner pled guilty to one count of possession with the intent to deliver marijuana and one count of possession with the intent to deliver Percocet in violation of West Virginia Code § 60A-4-401(a). On November 16, 2010, petitioner was sentenced to a term of incarceration of one to five years for possession with the intent to deliver marijuana and a consecutive term of incarceration of one to fifteen years for possession with intent to deliver Percocet. The circuit court then suspended the sentence and placed petitioner on probation for a period of five years.

On January 28, 2013, petitioner was arrested and charged in Berkeley County with one count of possession with intent to deliver Xanax, one count of improper vehicle registration, one count of no proof of automobile insurance, one count of receiving/transferring stolen property, and one count of possession of thirty Xanax pills that were not prescribed to him. Shortly after his arrest, petitioner's probation officer filed a petition for revocation of probation based upon his arrest and petitioner's failure to pay his probation supervision fees for twenty-three months. The circuit court held a probation revocation hearing on March 4, 2013. At the conclusion of the

1

hearing, the circuit court found that petitioner admitted to the allegations in the petition and revoked his probation. The circuit court re-imposed petitioner's original sentence with credit for time served.

Petitioner appealed the circuit court's order revoking his probation to this Court. By order entered on January 17, 2014, this Court affirmed the circuit court's revocation. See *State v. Shawn Hann*, No. 13-0419 (W.Va. Supreme Court, January 17, 2014)(memorandum decision).[1]

Petitioner then filed a motion with the circuit court for reconsideration of his sentence pursuant to Rule 35 of the West Virginia Rules of Criminal Procedure requesting that he be placed back on probation. Following a hearing on petitioner's motion, the circuit court denied petitioner's motion by order entered on July 31, 2013. It is from this order that petitioner now appeals.

In regard to motions made pursuant to Rule 35, we have previously held that

"[i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010).

On appeal, petitioner argues that the circuit court illegally reimposed his sentence following his probation revocation hearing because the circuit court did not have a basis on which to determine that he violated his probation.

Upon our review, the Court finds that petitioner's sentence is legal and he is not entitled to relief under Rule 35. West Virginia Code § 62-12-10 (1955) states, in part, that "[i]f it shall then appear to the satisfaction of the court or judge that any condition of probation has been violated, the court or judge may revoke the suspension of imposition or execution of sentence, impose sentence if none has been imposed, and order that sentence be executed." The terms and conditions of petitioner's probation clearly state that "[petitioner] shall not violate any laws of this state, any other state, any municipality or the United States." Here, it is undisputed that petitioner admitted to the factual allegations in the State's motion to revoke his probation. "The reason probation can be revoked without an underlying conviction is because a probation revocation proceeding does not involve a determination of the defendant's guilt . . . . [T]he fact that the criminal charges were dismissed [] does not prevent the subsequent use of these charges in a probation revocation proceeding." *State v. Ketchum*, 169 W.Va. 9, 12-13, 289 S.E.2d 657,

---

[1]Petitioner filed a petition for rehearing on February 18, 2014, which was refused by this Court on March 25, 2014.

658-59 (1981). Importantly, a review of the record shows that petitioner pled guilty to one count of no proof of automobile insurance.[2] This violation of the law clearly authorizes the revocation of probation under these circumstances.[3] Therefore, this Court declines to find that the circuit court abused its discretion in denying petitioner's motion for reconsideration.

Finally, petitioner argues that the circuit court should have applied our current violation of probation statute because the statute was in effect during his Rule 35 hearing. Petitioner's argument includes his assertion that he was subject to only a sixty-day term of incarceration pursuant to West Virginia Code § 62-12-10.[4] After petitioner's probation was revoked, West Virginia Code § 62-12-10 was amended so that first- and second-time probation violators would serve short periods of incarceration for violations of the conditions of probation, rather than immediate revocation of the suspended sentence. Pursuant to the amended statute, revocation and imposition of the original sentence is to occur only upon a third violation. *See* W.Va. Code § 62-12-10(a)(2). "The presumption is that a statute is intended to operate prospectively, and not retrospectively, unless it appears, by clear, strong and imperative words or by necessary implication, that the Legislature intended to give the statute retroactive force and effect." Syl. Pt. 4, *Taylor v. State Compensation Com'r*, 140 W.Va. 572, 86 S.E.2d 114 (1955). A plain reading of this statute clearly shows that the Legislature did not include the necessary language for the statute to apply retrospectively. As such, West Virginia Code § 62-12-10 was intended to operate prospectively. Importantly, petitioner's conduct that initiated these probation revocation proceedings occurred before the amended statute became effective. Thus, we find no merit in petitioner's suggestion that he should have been confined for the period set forth in the amended statute.

For the foregoing reasons, the circuit court's July 31, 2013, order is hereby affirmed.

---

[2]The State later dismissed the charges of one count of possession with intent to deliver Xanax, one count of improper vehicle registration, one count of receiving/transferring stolen property, and one count of possession of thirty Xanax pills in Berkeley County.

[3]Petitioner also argues that the circuit court erred in finding that he willfully failed to pay his supervision fees. As a term of his probation, petitioner was required to pay a monthly probation and community corrections fee. Petitioner points out that "[p]robation may not be revoked for failure to pay . . . costs . . . unless [] [petitioner's] failure is contumacious." Syl. Pt. 2, in part, *Armstead v. Dale*, 170 W.Va. 319, 294 S.E.2d 122 (1982). The record is devoid of any testimony that indicates that petitioner's failure to pay these fees prior to the revocation hearing was contumacious. Further, prior to the revocation hearing, petitioner paid all of his outstanding supervision fees. That said, it is unnecessary for us to consider the fees issue. "Where probation is revoked on one valid charge, the fact that other charges may be invalid will not preclude upholding the revocation." Syl. Pt. 3, *State v. Ketchum*, 169 W.Va. 9, 289 S.E.2d 657 (1981).

[4]West Virginia Code § 62-12-10(a)(2) states that "if the judge finds that reasonable cause exists to believe that the probationer violated any condition of supervision other than the conditions of probation set forth in subdivision (1) of this subsection then, for the first violation, the judge shall impose a period of confinement up to sixty days . . . ."

Affirmed.

**ISSUED**: April 28, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II