**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 17-0911** (Berkeley County 12-F-157)

**Michael A. Brown Jr.,**
**Defendant Below, Petitioner**

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Michael A. Brown Jr., by counsel Sherman L. Lambert Sr., appeals the Circuit Court of Berkeley County's September 18, 2017, order revoking his probation and reinstating his original sentence of two to thirty years of incarceration following his conviction of one count of possession with intent to deliver a controlled substance and an enhancement under West Virginia Code § 60A-4-408. The State of West Virginia, by counsel Robert L. Hogan, filed a response in support of the circuit court's order. On appeal, petitioner argues that the State failed to satisfy its burden of proof for revocation and that the circuit court's underlying sentence is illegal.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2012, petitioner pled guilty to one count of possession with intent to deliver a controlled substance in violation of West Virginia Code § 60A-4-401(a)(i). In January of 2013, the circuit court sentenced petitioner to a term of incarceration of two to thirty years. Due to a prior felony drug conviction in the State of Florida, petitioner's sentence included an enhancement under West Virginia Code § 60A-4-408.[1] The circuit court, however, suspended

---

[1]West Virginia Code § 60A-4-408 states, in relevant part, as follows:

> (a) Any person convicted of a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both. . . .

> (b) For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at

(continued . . . )

petitioner's sentence and placed him on probation for a period of five years, subject to certain terms and conditions, including the following: (1) refrain from violating the law; (2) answer truthfully the inquires of his probation officer or any law enforcement officer; (3) notify his probation officer within twenty-four hours if arrested or questioned by law enforcement; (4) refrain from contact with persons engaged in criminal activity; (5) refrain from using, consuming, purchasing, possessing, or distributing any drugs or other controlled substance not lawfully prescribed; (6) refrain from being anywhere drugs are illegally sold, distributed, kept, or used; and (7) refrain from owning, possessing, carrying, or using any firearm or other lethal weapon.

In June of 2017, petitioner's probation officer filed a petition to revoke probation and, later, an amended petition to revoke probation based on allegations that petitioner violated his probation by committing the offenses of (1) possession with intent to deliver a controlled substance (heroin) on May 18, 2017; (2) possession with intent to deliver a controlled substance (oxycodone) on May 18, 2017; (3) being a prohibited person in possession of a firearm on May 18, 2017; (4) delivery of a controlled substance (heroin) on April 27, 2017; (5) delivery of a controlled substance (heroin) on May 2, 2017; (6) delivery of a controlled substance (heroin) on May 8, 2017; and (7) delivery of a controlled substance (heroin) on May 11, 2017. The petition further alleged that petitioner received a traffic citation on June 29, 2016, but failed to notify his probation officer of this contact with law enforcement. Finally, the petition alleged that petitioner possessed or was in the presence of drugs, drug paraphernalia, and a firearm seized during a search of his bedroom, including fifteen grams of heroin, fourteen oxycodone pills, digital scales, and a loaded Glock .357 caliber pistol.

The circuit court held a hearing on the revocation petition in September of 2017, during which petitioner denied the allegations. The State presented the testimony of petitioner's probation officer and two law enforcement officers. The probation officer testified to the terms and conditions of petitioner's probation and further described the warrants issued for petitioner regarding the offenses alleged in the petition. One of the law enforcement officers, Corporal Travis Boyles of the Berkeley County Sheriff's Department, testified to a search conducted on May 18, 2017, at petitioner's home.[2] According to Corporal Boyles, petitioner sold what the officer believed to be narcotics to an individual cooperating with law enforcement during a series of controlled buys, which preceded the search of petitioner's residence. Corporal Boyles then testified to the items seized from petitioner's bedroom during the search, including the loaded pistol and what he believed to be narcotics. Corporal Boyles admitted, however, that no laboratory testing had, at that point, been completed on the substances recovered from petitioner's home to determine if they were, in fact, controlled substances.

---

any time been convicted under this chapter or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs.

[2]According to the record, the home in question is a shared residence that belongs to petitioner's mother.

The second law enforcement officer, Sergeant Theodore Snyder of the Berkeley County Sheriff's Department, testified to several controlled buys that an individual cooperating with law enforcement conducted with petitioner. According to Sergeant Snyder, the informant supplied petitioner with money and then received what the officer believed to be heroin from petitioner. Based on his experience as a narcotics investigator and the recorded evidence of the transactions, Sergeant Snyder testified that he had no reason to believe that the substances petitioner sold were anything other than heroin, although he confirmed that no laboratory testing had yet been completed to confirm that the substances in question were controlled substances.

Petitioner's defense to these charges was, essentially, that the State failed to conduct laboratory testing or otherwise present evidence that the substances at issue were controlled substances. The circuit court, however, found that the State established, by a preponderance of the evidence, that petitioner delivered heroin to a cooperating witness on April 27, 2017; May 2, 2017; May 8, 2017; and May 11, 2017. The circuit court further found that the drugs, drug paraphernalia, and a firearm were found at petitioner's residence during the execution of a search warrant. Therefore, the circuit court found that petitioner violated the terms of his probation, revoked the same, and reinstated petitioner's original sentence of two to thirty years of incarceration. It is from the sentencing order that petitioner appeals.

This Court has previously established the following standard of review:

> When reviewing the findings of fact and conclusions of law of a circuit court sentencing a defendant following a revocation of probation, we apply a three-pronged standard of review. We review the decision on the probation revocation motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Duke*, 200 W.Va. 356, 489 S.E.2d 738 (1997). Upon our review, the Court finds no error in the circuit court's revocation of petitioner's probation.

On appeal, petitioner relies almost entirely upon his assertion that, because no testing was done to confirm whether the substances he possessed were actually controlled substances, the State failed to satisfy its burden of proof for revoking his probation. "Because a determination of criminal guilt is not involved, the standard of proof in a probation revocation hearing is by a clear preponderance of the evidence and not proof beyond a reasonable doubt." *State v. Ketchum*, 169 W.Va. 9, 12-13, 289 S.E.2d 657, 659 (1981). Here, the State clearly met that burden. As this Court has held, "[w]here probation is revoked on one valid charge, the fact that other charges may be invalid will not preclude upholding the revocation." *Id.* at 10, 289 S.E.2d at 657, Syl. Pt. 3. Given the overwhelming evidence that petitioner committed the offense of being a prohibited person in possession of a firearm, it is unnecessary to address petitioner's main argument on appeal concerning the lack of testing of the substances at issue.

In his brief on appeal, petitioner makes almost no mention of the overwhelming evidence that established that he committed the offense of being a prohibited person in possession of a firearm. The only challenges petitioner appears to make regarding the evidence related to this

charge are that it was based on hearsay and that "no evidence was adduced at the probation revocation that the seized items . . . were used, owned or possessed by . . . [p]etitioner." This argument directly contradicts the evidence presented below.

Specifically, the State presented direct evidence of petitioner's commission of the offense of being a prohibited person in possession of a firearm.[3] During his testimony, Corporal Boyles testified that "officers located a loaded Glock pistol in [petitioner's] bedroom . . . ." In fact, when asked how he was aware that the room in question was petitioner's bedroom, Corporal Boyles testified that "during the process of securing the residence . . . [petitioner] was located in that room in which that firearm was located."[4] While petitioner questioned the officer regarding other individuals who lived in, or had access to, the home, he failed to provide any evidence rebutting the fact that he possessed the firearm in question found in his bedroom. Given the fact that petitioner clearly committed the offense of being a prohibited person in possession of a firearm, we find that it is unnecessary to address petitioner's argument concerning the validity of his probation revocation for violations related to controlled substances.

West Virginia Code §§ 62-12-10(a)(1)(B) and (C) set forth, in relevant part, that

[i]f the court or judge finds reasonable cause exists to believe that the probationer . . . [e]ngaged in new criminal conduct other than a minor traffic violation or simple possession of a controlled substance . . . the court or judge may revoke the suspension of imposition or execution of sentence . . . and order that sentence be executed.

As set forth above, the evidence overwhelmingly established, by a preponderance of the evidence, that petitioner committed the offense of being a prohibited person in possession of a firearm, which constitutes new criminal conduct beyond that excluded under the probation revocation statute. For these reasons, we find no error in the circuit court's revocation of petitioner's probation and imposition of the original sentence.

Finally, we find no merit to petitioner's argument that his original sentence was illegal because the circuit court enhanced his original sentence under West Virginia Code § 60A-4-401(a)(i) of one to fifteen years for possession with intent to deliver a controlled substance to a

---

[3]Pursuant to West Virginia Code § 61-7-7(a)(1), "[e]xcept as provided in this section, no person shall possess a firearm, as such is defined in section two of this article, who . . . [h]as been convicted in any court of a crime punishable by imprisonment for a term exceeding one year[.]" Petitioner does not dispute that he was previously convicted of a felony and, thus, was prohibited from possessing a firearm at the time of the search at issue. Petitioner further does not challenge the issue of whether the Glock pistol in question constitutes a "firearm" as that term is defined for purposes of this statute.

[4]On appeal, petitioner does not challenge the testimony that the room in which both he and the pistol were located was his bedroom. Instead, throughout his brief, he simply alleges generally that the pistol and other items were found in "his mother's residence."

term of incarceration of two to thirty years under West Virginia Code § 60A-4-408. In relevant part, West Virginia Code § 60A-4-408(a) provides that "[a]ny person convicted of a second or subsequent[5] offense under this chapter may be imprisoned for a term *up to twice the term otherwise authorized* . . . ." (emphasis added). On appeal, however, petitioner wholly ignores this language. Instead, petitioner argues that West Virginia Code § 61-11-18(a), our general recidivist statute, permits enhancement only to the extent that "the minimum term shall be twice the term of years otherwise provided for under such sentence" when a circuit court imposes an indeterminate sentence and the defendant has previously been convicted of a felony. We note, however, that this language is entirely inapplicable to petitioner's case, as the circuit court clearly ruled that petitioner's sentence was enhanced "pursuant to W[est] V[irginia] Code § 60A-4-408 . . . ." For these reasons, petitioner is entitled to no relief in this regard.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 12, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.

---

[5]Petitioner does not challenge the fact that the conviction on appeal constitutes a second or subsequent conviction, as contemplated by this statute.