# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**
**January 25, 2024**
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 22-693** (Fayette County CC-10-2013-F-296)

**Russell Weis,**
**Defendant Below, Petitioner**


## MEMORANDUM DECISION


Petitioner Russell Weis appeals the Circuit Court of Fayette County's August 12, 2022, disposition order sentencing him to twenty years of incarceration for violating the terms and conditions of his supervised release.[1] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

In February 2014, petitioner was sentenced following his convictions for the felony offenses of possession of a firearm by a convicted felon, breaking and entering (two counts), and third-degree sexual assault. Petitioner's sentence included a forty-year term of supervised release. Petitioner was eventually released from incarceration, and he began serving his term of supervised release.

In April 2022, petitioner's probation officer filed a "Notice of Revocation" of his supervised release, alleging four violations of its terms and conditions. First, petitioner was alleged to have violated the prohibition against using or consuming illegal controlled substances. A urinalysis showed that petitioner tested positive for amphetamine, methamphetamine, and fentanyl, and petitioner admitted to using heroin and methamphetamine. Second, petitioner was alleged to have violated the prohibition against associating with "anyone having a criminal record, or who is likely to be a negative influence" on him. Petitioner also admitted to this violation, acknowledging that he allowed three known drug users to live at his residence. Third, the notice specified that petitioner was required to "maintain a single, verifiable residence within Fayette County," West Virginia, and that "[a]ny change of address must be approved by [his] probation officer." The notice further described that, in accordance with this provision, petitioner received approval to reside in Raleigh County, West Virginia, but the arrangement required that he remain

---

[1] Petitioner appears by counsel Kelly C. Pritt, and the State appears by Attorney General Patrick Morrisey and Assistant Attorney General Ronald T. Goudy.

subject to the "same rules and regulations of Fayette County and any additional rules Raleigh County required." Petitioner's allowing known drug users at his residence was alleged to violate this condition. Fourth and finally, the notice provided that petitioner was in violation of the term prohibiting him from possessing "obscene matter as defined by [West Virginia] Code § 61-8A-1." A review of petitioner's cell phone revealed that he had "a video of [a] dog mounting and humping a stuffed animal, which was over two minutes in length," and a video of a woman, "taken without her knowledge," that "focused on her backside as she walked down the hallway and [petitioner] followed." Petitioner reportedly first claimed that the latter video was inadvertently taken, but after additional photos of "enhanced pictures of the female's buttocks" were found, petitioner admitted that he purposefully took the video because he "like[s] butts."

Petitioner waived his preliminary hearing, and the parties appeared for a revocation hearing in June 2022. In the circuit court's order following this hearing, it found, "by a preponderance of the evidence," that petitioner violated the terms and conditions of his supervised release "as set forth" in the "Notice of Revocation," and the court revoked petitioner's supervised release. Petitioner was later sentenced to twenty years of incarceration for the violations, and the court memorialized this sentence in the court's August 12, 2022, order from which petitioner appeals. We review that disposition under the following standard:

> When reviewing an order modifying or revoking a defendant's supervised release under West Virginia Code § 62-12-26(h), we apply a three-pronged standard of review. We review the circuit court's final order and decision to modify or revoke a defendant's supervised release under an abuse of discretion standard; we review challenges to findings of fact under a clearly erroneous standard; and we review questions of law and interpretations of statutes de novo.

Syl. Pt. 1, *State v. White*, --- W. Va. ---, --- S.E.2d ---, 2023 WL 7320618 (2023).

Petitioner raises three assignments of error on appeal. First, he asserts that the court erred in employing a preponderance of the evidence standard. Petitioner correctly observes that, before the court could revoke his supervised release, it was required under West Virginia Code § 62-12-26(h)(3) to find that petitioner violated a condition of his supervised release by clear and convincing evidence, not a preponderance of the evidence. However, when someone has admitted to violating the terms and conditions of their supervised release—as petitioner did here—we have found that no reversible error resulted from the application of a lesser standard of proof because the correct standard was unquestionably met by the admissions. *State v. Black*, No. 20-0244, 2021 WL 3833716, *4 (W. Va. Aug. 27, 2021)(memorandum decision) ("[P]etitioner admitted to violating the terms and conditions of his supervised release during the proceedings below. Therefore, the clear and convincing standard has been met, and any misstatement by the circuit court as to the appropriate standard is harmless."); *State v. Hatfield*, No. 17-0737, 2018 WL 2175708, *2 (W. Va. May 11, 2018)(memorandum decision) ("The misidentification of the burden of proof set forth in the court's order, if error, was harmless because [petitioner admitted to three of the five charged violations and] the State presented clear and convincing evidence that petitioner violated these three terms of his agreement."). Accordingly, petitioner's admissions to violating several terms and conditions of his supervised release rendered harmless any error in the application of a preponderance standard, so he is entitled to no relief.

These admissions render it unnecessary for this Court to consider petitioner's remaining assignments of error. In his second assignment of error, petitioner argues that the court erroneously found that he violated the rule requiring that he maintain a single, verifiable residence in Fayette County by allowing known drug users to live with him.[2] Petitioner maintains that he did, in fact, have only a single, verifiable residence. In his third and final assignment of error, petitioner claims that the court erred in finding that a video of a woman's clothed backside violated the prohibition against possessing obscene matter. Because petitioner admitted to violating the terms and conditions of his supervised release prohibiting him from consuming illegal controlled substances and from associating with criminals or negative influences, his supervised release was properly revoked on those grounds. W. Va. Code § 62-12-26(h)(3) (authorizing a court, upon finding that a defendant has violated a condition of supervised release, to "[r]evoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release"). Consequently, even if petitioner's remaining assignments of error had merit, his supervised release was nevertheless properly revoked, so he would be entitled to no relief. *See* Syl. Pt. 3, *State v. Ketchum*, 169 W. Va. 9, 289 S.E.2d 657 (1981) ("Where probation is revoked on one valid charge, the fact that other charges may be invalid will not preclude upholding the revocation.").

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 25, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[2] It appears to this Court that petitioner misapprehends the circuit court's finding. Petitioner's permission to reside in Raleigh County instead of Fayette County was contingent upon his continued adherence to the terms and conditions applicable in Fayette County, one of which was that he not associate with criminals and negative influences. As petitioner associated with criminals or negative influences in Raleigh County, he was no longer permissibly residing there and, therefore, in violation of the requirement that he maintain a single, verifiable residence in Fayette County. Thus, it is not that petitioner failed to maintain a single, verifiable residence, but that he was no longer permissibly doing that in Raleigh County.